Worgang's Adm'r *v.* Clipp et al.

---

WORGANG'S Adm'r *v.* CLIPP *et al.*

BONDS OF EXECUTORS AND ADMINISTRATORS.—The bond given by an administrator, upon his appointment, (under section 19, 2 G. & H. p. 489,) is designed alone to secure the faithful administration of the personal property of his intestate, and the proceeds of the sale of such real estate as shall be sold in pursuance of the terms of a will, and such bond can cover only breaches of that trust.

BOND ON SALE OF REAL ESTATE BY SAME.—But if, in the course of the settlement of an estate, it becomes necessary to sell other real estate, and an additional bond is then given, (under section 82, 2 G. & H. p. 510,) the latter bond is designed only to secure the faithful discharge of the new duties thus imposed upon him, and the bond so given can only cover the neglect of duty in the administration of the proceeds of such real estate.

Worgang's Adm'r *v.* Clipp et al.

APPEAL from the *Harrison* Circuit Court.

PERKINS, J.—*Rising,* administrator *de bonis non* of *Worgang's* estate, sued upon the bond of the original administrator, who had been removed for malfeasance in office. The bond was as follows:

"Know all men by these presents, that we, *Isaac Clipp* and *Philip Robald,* are bound unto the State of *Indiana* in the penal sum of 400 dollars, for the payment of which we jointly and severally bind ourselves, our heirs, executors and administrators. Sealed and dated the 15th day of *September,* 1856.

The condition of above obligation is, that if the above bound *Isaac Clipp,* shall well and truly discharge the duties of his trust as administrator of the estate of *Joseph Worgang,* deceased, according to law, then the above obligation is to be void, else to remain in full force.

"ISAAC CLIPP,        [SEAL.]
"PHILIP ROBALD,   [SEAL.]"

The bond was duly approved.

The breaches alleged were that *Clipp* had wasted personal property of the estate and the proceeds of real estate sold for the payment of debts.

The Court held the defendants liable on the bond for the personal estate wasted, but not for the proceeds of the real estate. The means, in *Indiana,* for payment of the debts of deceased persons are divided into two funds, primary and secondary.

The primary consists of personalty, and such real estate as may be directed by will to be sold.

The secondary consists of the real estate, generally, of the deceased.

Upon granting letters of administration it is not presumed that the secondary fund will have to be resorted to, and,

hence, it is not considered in issuing the letters and taking the bond. The primary fund only is taken into account, and the bond given is simply to secure the proper appropriation of that. This is evident from the statute. It enacts:

"SEC. 19. Every person appointed executor, administrator with the will annexed, or administrator, before receiving letters, shall execute a separate bond, with sufficient resident freehold sureties, to be approved by the proper clerk or court, jointly and severally bound, in a penalty payable to the State of *Indiana*, of not less than double the value of the personal estate to be administered, and, in case real estate is to be sold by the terms of a will, also double the value of such real estate, conditioned that he will faithfully discharge his duties as such executor or administrator, and shall take and subscribe an oath or affirmation, that he will faithfully discharge the duties of his trust according to law, which oath or affirmation, attested by the clerk, shall be filed and recorded as part of the proceedings of the estate; and such clerk or court shall examine, under oath, such person, or any other person, touching the value of such personal estate, and, in case real estate is to be sold by the terms of a will, the value of such real estate; and shall also examine such sureties, under oath, as to the value of the property they own, more than their indebtedness; which oaths shall be taken and subscribed by such person or persons, and such sureties, respectively, and filed as a part of the proceedings in such estate." 2 G. & H. 489.

The trust of the administrator by his original appointment extends only to the duties imposed by the foregoing section; and we think it plain that the bond then given can cover only breaches of that trust.

If it becomes necessary, in the course of the settlement of the estate, for the administrator to resort to the secondary fund, he assumes an additional trust, becomes burdened with

Worgang's Adm'r *v.* Clipp et al.

new duties, and is required to give a new bond to cover the new trust. The first and second trusts and bonds are kept distinct by statute. When the Court is asked by an administrator for an order to sell real estate, the statute enacts that:

"SEC. 82. Previous to the making of an order for any such sale, the executor or administrator shall file in the office of such Court a bond, payable to the State of *Indiana,* in a penalty not less than double the appraised value of the real estate to be sold, with sufficient freehold sureties, to be approved by the Court, and conditioned for the faithful discharge of his trusts according to law." 2 G. & H. 510.

It seems to us that, under these statutes, the sureties in the several bonds are liable only for the respective funds they are executed to secure, and that the decision of the Court below was right and should be affirmed.

It has been held, at this term, in *The State ex rel., &c.* v. *Steele,* that where a guardian gave an additional bond on obtaining an order for the sale of real estate of his ward, and afterwards made the sale, brought the proceeds into Court, took them out again by leave of the Court, and was afterwards sued on the bond so given for wasting them, the record not showing that they had ever been applied to the purposes for which the sale was ordered and made, or that the sureties in said bond had been discharged by any order of Court, or that the proceeds of said sale had been carried, by order of Court or otherwise, into the general fund in the hands of the guardian, as such generally, the sureties on the second bond were liable to the ward for the money.

*Per Curiam.*—The judgment is affirmed, with costs.

*Thos. L. Smith, M. C. Kerr* and *Willett Bullitt,* for the appellant.