RENO *v.* TYSON, ADMINISTRATOR OF OLDHAM.

DEMURRER TO PART OF PARAGRAPH.—Under our present practice, a demurrer will not lie to a part of a paragraph of a pleading, but, regarding each separate breach assigned in a complaint on an administrator's bond, taken in connection with the introductory averments, as a separate paragraph, containing a distinct cause of action, a demurrer may be properly filed to each breach.

EXECUTOR'S BOND—LIABILITY OF SURETY.—The surety on the original bond of an executor is not liable for the misappropriation of money received from the sale of real estate, unless such sale was directed by the will.

APPEAL from the *Ripley* Common Pleas.

ELLIOTT, C. J.—This was a suit by the appellee, against *Majunsy Oldham*, and *Reno*, the appellant, as his surety, on the

original bond of the former, as executor of *Archibald Oldham,* deceased, and who had been removed for malfeasance in office. Several breaches of the bond are assigned in the complaint; the *third* of which is, in substance, as follows: That *Oldham,* as executor of the estate of *Archibald Oldham,* deceased, collected on the sale bill of the personal property the sum of four hundred dollars; that at the *October* term, 1859, of the Court of Common Pleas of *Ripley* county, he procured an order to sell certain real estate to pay debts, which he afterward, under the order of said court, sold to *Henry Cordes,* for the sum of $710, which said *Cordes* has long since fully paid; that the executor wholly failed to apply said money to the payment of the debts against the estate of the decedent, &c. The defendants filed a joint demurrer to the third breach of the bond, for the reason that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and the defendants excepted. *Reno* then filed his separate demurrer to so much of the third breach as claims a recovery in this suit for the proceeds of the real estate sold under the order of the court, which the court also overruled. *Reno,* then, answered separately, in six paragraphs. The first and second are general denials; the others set up special matters in avoidance. The fourth and fifth were stricken out on motion, and the court sustained a demurrer to the third and sixth paragraphs.

The cause was tried by a jury, on the issue made by the general denial of *Reno,* and resulted in a finding and judgment for the plaintiff. *Reno* appealed. No brief has been filed by the appellee.

The only errors assigned relate to the action of the court in overruling *Reno's* demurrer to the *third* breach of the bond assigned in the complaint, and in sustaining a demurrer to the *third* paragraph of his answer. Under our present practice, a demurrer will not lie to a part of a paragraph of a pleading; but, regarding each separate breach assigned on a bond of the character of the one in suit, taken in connection with the other introductory averments in the complaint, in the

light of a separate paragraph, containing a distinct cause of action, a demurrer may be properly filed to such breach. Under the third breach, as has been shown, the plaintiff seeks to recover the sum of $400, the proceeds of the personal property, and the sum of $710, the proceeds of the real estate, sold by the executor of *Oldham*, and for which he failed to account. The objection taken to the breach is, that the defendants, and especially *Reno*, the surety, are not liable under this (the original) bond of the executor, for the proceeds of the real estate sold by him under an order of the court, and for which he is required by the statute to execute a separate bond. The demurrer, however, was correctly overruled, because the same breach sets up a claim for the proceeds of the personal property, which is clearly covered by the bond in suit. And *Reno's* demurrer, to a part of the breach, was correctly overruled, for the reason that the question could not be raised by demurrer to such part. In either case, the objection might have been properly presented by a motion to strike out the matter objected to.

The question, however, is fairly raised by the *third* paragraph of *Reno's* answer to the *third* breach, to which the court sustained a demurrer. That paragraph alleges that *Reno*, on the 12th of *March*, 1858, became the surety of *Majunsey Oldham*, for the faithful performance of his duties as executor of the last will and testament of *Archibald Oldham*, deceased; that there came into the hands of said executor the sum of $400, arising from the sale of the personal estate of the decedent, all of which the executor applied to the payment of lawful claims against said estate, filed in, and allowed by, the court, together with what he has paid the widow of said decedent, as a part of the $300 allowed her by law; that the real estate of the decedent was not, by the terms of his will, authorized to be sold, &c.; that at the *October* term, 1859, of said court, the executor obtained an order of court to sell the real estate of the decedent, (which is described in the paragraph), by virtue of which order he did, on, &c., sell the same to *Henry Cordes*,

for the sum of $710; that at the time of obtaining the order to sell, &c., the executor filed his bond for the faithful per-formance of said trust, according to law, with *Absalom Old-ham* and *Peter Bowers* as his sureties. It also avers that said *Absalom Oldham* and *Peter Bowers* are responsible and solvent men, &c.

This answer is a good bar to a recovery on the alleged breach of the bond to which it is directed, unless the parties to the original bond of the executors are responsible for the proper administration of the proceeds of the real estate, sold by him under a subsequent order of the court. Under the statute, the court of common pleas may authorize the execu-tor or administrator of a decedent to sell his real estate for the payment of debts, when the personal estate is not suffi-cient for that purpose; and in reference to such sales, sec. 82, 2 G. & H., p. 510, provides that "previous to the making of an order for any such sale, the executor or administrator shall file in the office of such court a bond, payable to the State of Indiana, in a penalty not less than double the ap-praised value of the real estate to be sold, with sufficient freehold sureties, to be approved of by the court, and con-ditioned for the faithful discharge of his trusts according to law."

The statute further provides, that a person appointed ex-ecutor, administrator with the will annexed, or administrator, before receiving letters, shall execute a bond with sufficient freehold sureties, to be approved by the proper clerk or court, payable to the state, in a penalty of not less than double the value of the personal estate to be administered, and, in case real estate is to be sold by the terms of a will, also double the value of such real estate. 2 G. & H., § 19, 489.

The trust of the administrator or executor, under his ori-ginal appointment and bond, relates only to the personal es-tate, unless real estate is directed to be sold by the terms of the will, and, therefore, it seems plain that the bond then given can cover only breaches of that trust. Here the answer expressly avers that the real estate of the decedent was not,

by the terms of the will, authorized to be sold. Hence, the court, before granting an order for the sale of the land, required the administrator to execute a bond in double the value thereof, to secure the trust conferred upon him by the order of the court directing the sale of the land. And it has been expressly held by this court that, under the statute, the sureties in the several bonds are liable only for the respective funds they are executed to secure. *Worgang's Adm'r.* v. *Clipp et al.*, 21 Ind., 119. See also *Potter et al.*, v. *The State ex rel. Thompson*, decided by this court at the last term. 23 Ind., 607.

We think, therefore, that the third paragraph of the answer was a good bar to the *third* breach, and that the court erred in sustaining the demurrer to it.

The judgment, as to *Reno*, is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.

*H. C. Newcomb, J. Tarkington* and *J. G. Burkshire*, for appellant.