The State, *ex rel.* Jones, *v.* Cloud *et al.*

Filed Dec. 19, 1883.   Petition for a rehearing overruled March 14, 1884.

———————◆———————

No. 9964.

THE STATE, EX REL. JONES, *v.* CLOUD ET AL.

DECEDENTS' ESTATES.—*Suit on Administrator's Bond.—Pleading.—Nominal Damages.—Supreme Court.*—Complaint on the general bond of an administrator, averring the receipt of $2,000 personal assets, and the sale of real estate, and for breach: 1. Failure to pay money into court as ordered upon removal; 2. Conversion of money of the estate to her own use; 3. Waste in the payment in full of claims not preferred, the estate being insolvent; 4. The wrongful payment of a mortgage debt secured on land sold by her subject to the mortgage; 5. Allowance of unjust claims specified. Answer, that the administrator duly administered the personal estate.

*Held,* that the answer was good on demurrer except as to nominal damages, and, therefore, overruling the demurrer was not available error.

*Held,* also, that the fifth breach, if good, which is doubted, would only justify the recovery of a nominal sum.

*Held,* also, that under the complaint nominal damages only could be given, and for this only the Supreme Court will not award a new trial to the plaintiff.

From the Ohio Circuit Court.

The State, *ex rel.* Jones, *v.* Cloud *et al.*

*J. B. Coles,* for appellant.

*A. C. Downey,* for appellees.

ELLIOTT, J.—The complaint of the relator shows that he is the successor of Elizabeth Cloud, who had been the administratrix of the estate of Reynolds H. Campbell, deceased; that Mrs. Cloud was, by order of court, removed from the trust, and that she failed to discharge the duties of her trust in these particulars:

"1st. That she has failed to pay the sum of $1,200, the money belonging to the estate in her hands, into court, according to the order of the Ohio Circuit Court, in which court the settlement of the estate was and is pending, and has further failed to pay said sum or any sum due from her as such administratrix of the said estate to the relator.

"2d. That she converted the money in her hands belonging to the said estate to her own use in the sum of $1,500.

"3d. That she has wasted said estate by paying, without the order of court, general and unpreferred debts of said estate in full, and the said estate being insolvent, whereby said estate has been wasted and damaged in the sum of $1,000.

"4th. She has wasted said estate by paying David Huffard the sum of $1,034, when said debt was secured by a mortgage on real estate of the decedent, which real estate was sold by said administratrix by order of court subject to said mortgage, whereby said mortgage debt had ceased to be any part of the just indebtedness of said estate, thereby damaging the estate in the sum of $1,500.

"5th. She has wrongfully admitted improper and unjust claims against the estate of the said decedent, viz., the claim of Samuel Campbell for the sum of $892, thereby wasting and damaging the estate in the sum of $1,200."

By reason of these alleged breaches of duty recovery is sought on her general bond as administratrix.

The appellees alleged, in the second paragraph of their answer, that Elizabeth Cloud "fully administered all and singu-

The State, *ex rel.* Jones, *v.* Cloud *et al.*

lar the personal estate of the deceased, which came to her knowledge and possession as administratrix."

It is urged that this answer does not meet the charge that the administratrix improperly allowed the unjust claim of Samuel Campbell, and therefore does not meet all of the allegations of the complaint.

It is a familiar rule that an answer professing to answer an entire complaint must do so, or it will go down before a demurrer. This rule is to be understood, however, as meaning that all of the material parts of the complaint shall be answered, and not as meaning that the bad or immaterial parts must be answered. *Worley* v. *Moore*, 77 Ind. 567. It is at least very doubtful whether the fifth breach is well assigned, as there is nothing showing that the administratrix acted in bad faith or knowingly did wrong. For aught that appears she may have acted in perfect good faith, and with proper care and diligence, in admitting Campbell's claim. But, without deciding whether it shows a right to any action, we do decide that, at the utmost, it shows no more than a right to nominal damages. It has long been the rule of this court that a reversal will not be adjudged where the ruling complained of does no more than affect the right to recover such damages as are merely nominal. The rule applies here; for, upon this theory, all that was left unanswered is the breach which, if good at all, was not good for the recovery of more than a nominal sum.

It also urged that the answer is bad, because it does not aver that the estate was administered before the action was instituted. We think that it does do this, for the complaint alleges that the removal of the administratrix took place before the suit was brought, and if it be true, as averred, that the estate was duly administered, then it must also be true that the administration preceded the filing of the complaint. It may be that the plea should have been more certain in this respect, but the remedy for uncertainty is by motion, and not demurrer.

The State, *ex rel.* Jones, *v.* Cloud *et al.*

It is also insisted that the answer is not a good one in an action on the bond of an administrator, and that it is appropriate only in actions against an administrator or executor in his representative capacity. We are inclined to think this view would prevail if the complaint were properly framed, but we think the answer must be held good enough for a complaint framed as the one before us. · It is settled law that the general bond of an administrator does not extend to his acts or omissions in making and accounting for sales of the intestate's real estate, but extends only to the management and disposal of the personal estate. *Worgang* v. *Clipp*, 21 Ind. 119; *Reno* v. *Tyson*, 24 Ind. 56; *Colburn* v. *State, ex rel.*, 47 Ind. 310. It will be observed that it is not stated in any of the specifications of the breaches of the bond, that the money converted, wasted or misapplied was derived from the personal estate of the decedent. There is, therefore, nothing in these specifications from which it can be inferred that there was any breach of the bond in suit. It is, however, alleged in the introductory part of the complaint that the " administratrix received money belonging to the estate in the sum of $2,000, being the proceeds of the sale of personal property of the said decedent, and of debts owing to said decedent and for timber trees sold from, and the rents of lands of said decedent received by her and accrued before the death of the decedent;" but it is not averred, directly or indirectly, that it was any part of this $2,000 that was wasted, converted or misapplied. For anything that appears on the face of the complaint this sum was duly administered by the administratrix. There is another fact which is to be kept in mind, and that is, that the complaint on its face shows that the administratrix sold real estate, and we can not say that the money wasted, misapplied or converted by her was not received from the sale of this real estate, nor can we say that it was not this money which she was ordered to pay into court. An answer to such a complaint, showing a full administration of all the personal estate, must

be deemed sufficient, for if all the personal estate was duly administered, then the condition of the general bond was fully performed. No error was committed in overruling the demurrer to the second paragraph of the answer. The third paragraph of the answer is very much fuller and much better drawn than the second, and is clearly good.

We do not think it necessary to examine the questions presented by the motion for a new trial, for the reason that we think the complaint entitles appellant's relator to nothing more than merely nominal damages, and if there was error we could not reverse.

Judgment affirmed.

Filed Dec. 20, 1883. Petition for a rehearing overruled March 14, 1884.