No. 685.

## THE ESTATE OF HENZLER, DECEASED, v. BOSSARD.

Appeal from the Clark Circuit Court.

*H. A. Burtt* and *J. E. Taggart,* for appellant.

*J. K. Marsh,* for appellee.

Ross, J.—In the court below the appellee filed a claim against the estate of Ludwig Henzler, deceased, for services rendered by the appellee for decedent, in the sum of eight hundred and thirty-five dollars. To this claim a special answer was filed by way of set-off, to which the appellee filed a reply of general denial. Upon the issues thus formed, a trial was had by jury, and a verdict returned in favor of the appellee. A motion for a new trial was made by the estate, which was overruled, and judgment rendered on the verdict.

The appellant contends that the evidence is insufficient to sustain the verdict, and for that reason the court below should have granted a new trial.

The evidence in this case is not of the satisfactory character that at once carries conviction as to the merits of the controversy, but is, to a very great extent, such as must necessarily be left to the good judgment of a jury to consider and construe as to the intent.

The serious contention is whether or not the evidence is sufficient to show an implied promise to pay for the services rendered (for the evidence entirely fails to show an express promise), or whether the services were rendered by her solely as a member of decedent's family. It can not be controverted that the appellee was taken by the decedent, and was fed, clothed, and sent to school until twelve years of age, but that from that time forward she was compelled to perform all the menial duties incident to housekeeping, besides waiting upon and caring for decedent's wife, who was sick and afflicted for many years. Witnesses testified that appellee was well treated, and was taken to be one of decedent's family, while others, although vouching for the good treatment she received, testified as to the duties imposed and services exacted. In the light of this evidence we can not hold otherwise than that it was a question fairly for the jury to decide what relation she bore to the decedent's family, and the circumstances under which the services were rendered. They had a right to take into consideration decedent's condition in life, his habits and manner of living, as well as his treatment of appellee, as compared with other members of his family, or other hired help, if he had any. The decision of a jury having such privileges, where there is any conflict in the evidence, must be deemed conclusive so far as this court is concerned.

Having decided that there was a conflict in the evidence as to the exact relation appellee bore to decedent's family, we think that the refusal of the court to give instruction numbered two, of instructions submitted by appellant, was not error.

An examination of the record fails to show any error for which the judgment should be reversed.

Judgment affirmed.

Filed February 1, 1893.