## McConahey's Estate v. Foster.

[No. 2,609. Filed January 12, 1899.]

Appeal and Error.—*Assignment of Error.—Title of Cause.—Decedents' Estates.*—An appeal by a decedent's estate should be taken in the name of the administrator; but where it appears from the record that there was an administrator, and that the judgment from which the appeal was taken was rendered against the administrator in his representative character, such appeal will not be dismissed because the administrator was not a party appellant. *pp. 417-419.*

New Trial.—*Decedents' Estates.—Practice.*—A new trial for cause discovered after the term at which the verdict or decision was rendered, as provided for by the civil code, may be granted in a proceeding upon a claim against a decedent's estate. *pp. 419,420.*

Same.—*Probate Law.—Practice.*—Where no mode of procedure is specially provided for in probate matters, the rules of procedure in civil causes may be followed. *p. 420.*

Same.—*Cause Discovered After Term.—Practice.*—An application for

McConahey's Estate *v.* Foster.

a new trial for cause discovered after the term at which the verdict or decision was rendered is an independent action in which issues may be formed, and in which a motion for a new trial may be made.  *p. 420.*

NEW TRIAL.—*Motion.—Must be for Some Specific Cause.*—It is not a sufficient assignment of cause in a motion for a new trial to state that the judgment is not supported by sufficient evidence, or that the judgment is contrary to law, or contrary to the law and the evidence; the assignment must be for some specific cause as provided by the statute.  *p. 420.*

From the Whitley Circuit Court.  *Affirmed.*

*Marshall, McNagny & Clugston* and *John Q. Cline,* for appellant.

*J. B. Kenner* and *U. S. Lesh,* for appellee.

BLACK, C. J.—It appears from the record before us that on the 16th day of December, 1893, judgment of allowance of a claim was rendered in the Huntington Circuit Court in favor of Emma A. Foster against Emma A. Foster, administratrix of the estate of Mary McConahey, deceased, the claim being upon a note purporting to be made by Mary McConahey payable to Emma A. Foster; an attorney having been appointed by the court to defend on behalf of the estate. On the 11th of April, 1894, there was filed in said court a complaint which is not in the transcript, an amended complaint having been filed after the venue had been changed to the court below.  The amended complaint was entitled "Estate of Mary McConahey *v.* Emma A. Foster," the entry of record relating to the amendment being entitled "Emma A. Foster, Adm. of the Estate of Mary McConahey, deceased, *v.* Emma A. Foster." It was a complaint for a new trial for cause discovered after the term at which the verdict was rendered.  An issue having been formed by answer in denial, the cause was tried by the court.  It appears from an entry of record entitled "Emma A.

VOL. 21—27

Foster, Adm. of the Estate of Mary McConahey, deceased, *v.* Emma A. Foster," that the court found for the defendant and against the plaintiff upon the issue joined. The entry then proceeds: "It is therefore ordered, decreed, and adjudged by the court that the plaintiff take nothing by her suit, and that defendant recover her costs", etc. There was a motion entitled "Emma A. Foster, Adm. of the Estate of Mary McConahey, deceased, v. Emma A. Foster," in which the "plaintiff, Emma A. Foster, Adm. of the estate of Mary McConahey, deceased," moved for "a new trial and a new hearing" for the following reasons: "(1) The finding and judgment of the court is not supported by sufficient evidence; (2) the finding and judgment of the court is contrary to law; (3) the finding and judgment of the court is contrary to the evidence." The only alleged error assigned by the appellant is the overruling of the appellant's motion for a new trial, the assignment being entitled "The Estate of Mary McConahey, deceased, Appellant, *v.* Emma A. Foster, Appellee." The appellee has moved to dismiss the appeal, for the reason that Emma A. Foster, administratrix of the estate of the decedent is not, but should have been, made a party to the appeal.

Rule three of the rules of this court requires the appellant to properly entitle the cause in the assignment of errors, and rule six provides that the assignment of errors shall contain the full names of the parties. The assignment in this case is plainly defective. See *Estate of Peden* v. *Noland,* 45 Ind. 354; *Estate of Thomas* v. *Service,* 90 Ind. 128. The reports of the Supreme Court and of this Court contain cases in which the appellant or the appellee has been designated as the estate of a decedent named, and in which such defect has been ignored or expressly treated as waived. In *Estate of Wells* v. *Wells,* 71 Ind. 509, the court

said: "The estate of a dead man cannot be a party to a suit without some representative; and the suit should be carried on in the name of the representative as such. It would have been more formal, if the plaintiff had filed his claim in his individual capacity against himself in his representative capacity. No objection, however, is made in this respect." The court, having thus adverted to the defect in the title of the cause, proceeded to reverse the judgment of the trial court. See, also, *Goodbub* v. *Estate of Hornung*, 127 Ind. 181; *Estate of Reeves* v. *Moore*, 4 Ind. App. 492; *Estate of Henzler* v. *Bossard*, 6 Ind. App. 701; *Crumrine* v. *Estate of Crumrine*, 14 Ind. App. 641. Here it appears from the record, and, indeed, also in the motion to dismiss, that there was an administratrix. It also appears from the record that she, as administratrix, was the party plaintiff, and that the judgment from which the appeal is taken was rendered against her in such representative character. So it can be seen by us that the defect in question is a formal one.

The appellant, responding to the motion to dismiss, has proposed, upon leave granted, to amend the assignment. It plainly appears who will be affected by either an affirmance or reversal of the judgment, and that the affirmance or reversal will have the same effect as if the assignment were perfect. We think, therefore, we may, without formal amendment, examine and decide as if the assignment were properly entitled, and, accordingly, we overrule the motion to dismiss.

It is suggested on behalf of the appellee that an application for a new trial for cause discovered after the term at which the verdict or decision was rendered, provided for by the civil code, section 572, Burns' R. S. 1894 (563, Horner's R. S. 1897), is not al-

lowable in a proceeding upon a claim against a decedent's estate. Where no mode of procedure is specially provided in probate matters, the rules of procedure in civil causes may be followed. *Goodbub* v. *Estate of Hornung, supra.* No sufficient reason occurs to us for denying the right in such a case to apply for a new trial, as provided in the code, for cause discovered after the term, where the cause assigned in the complaint is one for which, if discovered within the term, a new trial should be granted upon motion made as provided in the code at the term at which the verdict was rendered.

Such an application by complaint for a new trial for cause discovered after the term is an independent action, in which issues may be formed and tried, and in which a motion for a new trial may be made. See *Davis* v. *Davis*, 145 Ind. 4. The motion for a new trial must be for some specific cause, as provided by the statute. It is not a sufficient assignment of cause in a motion for a new trial to state that the judgment is not supported by sufficient evidence, or that the judgment is contrary to law or that the judgment is contrary to the law and the evidence. *Rodefer* v. *Fletcher*, 89 Ind. 563; *Rosenzweig* v. *Frazer*, 82 Ind. 342. The motion for a new trial before us did not state any statutory cause for a new trial. The judgment is affirmed.