ROGERS ET AL. *v.* THE STATE, EX REL. BEATTY.

[No. 3,363. Filed January 23, 1901.]

APPEAL AND ERROR.—*Brief.*—*Suggestion by Counsel.*—A motion to dismiss the appeal which was never filed as such, but was merely prefixed to the brief filed by appellee and bound as a part thereof in a cover indorsed "Appellee's brief", will be treated as a mere suggestion of the defects pointed out. *pp. 145, 146.*

SAME.—*Assignment of Errors.*—*Name of Court.*—The failure to state in the assignment of errors the name of the court to which an appeal was taken was not fatal, where such court was clearly indicated on the preceding page of the transcript, the cause on appeal

was exclusively within the jurisdiction of the Appellate Court and the transcript and assignment were filed in that court and so indorsed by the clerk. *p. 146.*

APPEAL AND ERROR.—*Assignment of Errors.—Prayer for Relief.*—A prayer for relief in the assignment of errors is not essential. *p. 146.*

SAME.—*Administrator's Bond.*—An appeal from the judgment in an action on an administrator's bond is governed by the civil code, and not by the act relating to the settlement of decedent's estates. *p. 146.*

SAME.—*Naming Appellant.*—Naming as Frank P. W. in the assignment of errors an appellant who was named Franklin P. W. in the pleadings and judgment below is not such a material error as to affect the sufficiency of the appeal on the suggestion of counsel at the final hearing. *p. 147.*

SAME.—*Joint Assignment.—Separate Exceptions.*—Rulings on separate demurrers to a pleading cannot be questioned by a joint assignment of errors. *p. 147.*

EXECUTORS AND ADMINISTRATORS.—*Bond.—Sale of Real Estate.*—Sureties on the general bond of an administrator are not liable for his acts or omissions in making and accounting for sales of the decedent's real estate under order of court. *p. 148.*

SAME.—*Complaint by Legatee.*—In an action against the bondsmen of an executor or administrator on relation of a legatee of the decedent to recover her legacy, the complaint should show that there are surplus assets after the payment of all debts from which to pay the legacy, and that the conditions on which she was to receive the legacy have been fulfilled. *pp. 148, 149.*

From the Starke Circuit Court. *Reversed.*

*J. W. Nichols* and *W. C. Pentecost,* for appellants.
*H. R. Robbins* and *J. M. Fuller,* for appellee.

BLACK, J.—The appellee, the State, on the relation of May Beatty, recovered judgment for $114 against the appellant Henry C. Rogers as principal and the other appellants as his sureties on an administrator's bond.

Prefixed to the brief on behalf of the appellee upon the merits, under the same cover, indorsed as "Appellee's Brief", is a motion to dismiss the appeal, wherein it is stated that the appellee appears specially for such purpose. This motion has never been filed as such in this court, nor can its contents be regarded as more than suggestions, under

a general appearance, in the appellee's brief, which now first comes under our observation on the final hearing.

It is thus suggested that the assignment of errors fails to state to which court the appeal is taken. The transcript to which the assignment is attached was filed in the office of the clerk of this court. The assignment of errors is on its second page, as numbered. On the preceding page it is very fully and plainly indicated that what follows is a transcript on appeal to this court. Besides, by indorsement on the transcript it appears to have been filed in this court. Furthermore, the cause on appeal is within the jurisdiction of this court alone.

Next it is objected that the assignment of errors contains no prayer for relief. It is quite common for careful pleaders to attach to the assignment of errors a prayer that the judgment be reversed, but we do not regard the want of such formality as a ground for dismissal of the appeal.

It is further objected that the assignment of errors fails to state the full names of all the parties that should be made appellees. The judgment was in favor of the appellee as we have above stated. It was not necessary or proper to make any other person an appellee.

The appellee also objects that the transcript was not filed within the time specified by law, and that the appeal was not taken or perfected within the time limited by law. The appeal was taken in term time and perfected as required by law. The case is not governed, as counsel for appellee suppose, by the statutory provisions for appeals under the act relating to the settlement of decedents' estates (§2609 Burns 1894, §2454 Horner 1897). It is a civil action upon a bond. Though one of the defendants is an administrator, the judgment must be a personal judgment and can not increase or diminish the assets of the decedent's estate. The action is one of a kind authorized by the civil code, and the probate jurisdiction of the court is not involved. Therefore the appeal is governed by the civil code.

*Koons* v. *Mellett,* 121 Ind. 585, 7 L. R. A. 231; *Mason* v. *Roll,* 130 Ind. 260.

In the appellee's brief upon the motion to dismiss, though not pertinent to any supposed cause for dismissal stated in the motion, attention is called to the names of the appellants in the assignment of errors. One of the sureties is named Franklin P. Whitson in the pleadings in the court below. In the assignment of errors this appellant is named Frank P. Whitson. We may take notice of the use sometimes of "Frank" as an abbreviation of the name "Franklin", and it is not claimed that the person named Frank in the assignment is not the surety named Franklin in the pleadings below. As before stated, the appeal was taken in term. We can not regard this as a difference of name so material as to affect the cause on appeal, on the suggestion of counsel upon the final hearing.

The appellants have assigned errors jointly. It is first assigned that the court below erred in overruling "the defendants' demurrer to the amended complaint." This specification in the assignment presents no question upon any ruling of the court on demurrer, for a number of reasons. It appears from an entry of record that the appellants "severally and separately" filed demurrers to each paragraph of the amended complaint, which were overruled. The demurrer of the appellant Henry C. Rogers is set out, but it is stated by the clerk that the demurrers of Dial and Whitson, the other appellants, could not be found on file in the clerk's office. It further appears that after the date at which these demurrers were overruled, the plaintiff filed the only amended complaint which is set forth in the transcript.

The rulings upon the demurrers, therefore, do not appear to have had relation to the amended complaint on which the issue tried was formed.

It would be presumed, in any event, as to the demurrers not set forth that the court did not err in overruling them.

However, the appellants, having filed separate demurrers, could not effectively join in assigning error upon the rulings thereon, even if all the demurrers were in the transcript.

The appellants have assigned as error that the complaint does not state facts sufficient to constitute a cause of action. The first paragraph was based upon the general bond of the appellant Rogers as administrator *de bonis non* with the will annexed. The interest of the relatrix was predicated upon a bequest in the will of the decedent whereby she was given a general legacy of $100. A number of violations of the trust were stated. The pleading showed that there had been a sale of real estate by the administrator upon order of court, and some of the charges of delinquency related to his conduct in connection with such sale. Of course, responsibility for any violation of duty in conducting the sale of real estate or in accounting for the proceeds of the sale would be under the bond which the statute requires where the sale is made by order of court. The general bond of an executor or administrator does not extend to his acts or omissions in making and accounting for sales of real estate of the decedent under the order of court, but in general extends only to the management of the personal estate. See *State* v. *Cloud,* 94 Ind. 174; *Worgang* v. *Clipp,* 21 Ind. 119, 83 Am. Dec. 343; *Reno* v. *Tyson,* 24 Ind. 56. The pleading in question is quite obscure and general in its averments, and it is not clear that any assignment of breach can be referred exclusively to the general bond in suit. However, we base our decision upon other palpable deficiencies. The relatrix, by the terms of the will, was to be paid her general legacy when she should arrive at the age of twenty-one years. It was not made to appear that she had arrived at that age; nor was anything said in relation to her age. In the complaint her guardian was associated with her as a relatrix, but dropped out of the case in some unexplained way before judgment.

The general legacy given by the testator to the relatrix was subordinate to his debts and could not properly be paid

until after the debts were paid, or it was ascertained that there would be sufficient residue after paying the legacy to pay the debts. §2534 *et seq.* Burns 1894, §2378 *et seq.* Horner 1897.

Nothing was stated in the first paragraph of complaint from which it might reasonably be inferred that the debts had been paid, or that after paying the legacy the assets would be sufficient to pay the paramount claims, or that the legacy would not be needed to pay such claims, or that there would have been enough derived from the assets but for the derelictions of the administrator to pay all such claims in addition to the legacy. *Highnote* v. *White,* 67 Ind. 596; *Gould* v. *Steyer,* 75 Ind. 50.

The second paragraph of complaint does not make any reference to the administrator's bond. It states that the "relator" is a legatee, referring to the will which is made an exhibit; that by its terms she is entitled to $100, etc.; that Joseph K. Hartzler (a defendant against whom no judgment was rendered and who is not a party to the appeal) and Henry C. Rogers had each received money belonging to plaintiff, and though often demanded so to do had each refused to pay the same or any part thereof; that Hartzler had failed to turn over to Rogers, his successor in office, all the funds coming to his hands as administrator; that Rogers had failed to collect from Hartzler the amount so withheld; "wherefore the estate has lost over $500 and the relator has lost her said legacy," etc., demand on Hartzler and Rogers and refusal of each to pay being alleged.

Much of what we have said of the first paragraph would not be irrelevant in the consideration of the second. It would be difficult to construct a theory for this paragraph. It did not show a cause of action against the appellants or either of them in favor of the State on the relation of the legatee.

The judgment is reversed, and the cause is remanded, with instruction to hold the complaint insufficient, and to permit the plaintiff to amend if this be requested.