PIERSE v. BRONNENBERG ET AL., ADMINISTRATORS.

[No. 5,831. Filed October 23, 1906.]

1. APPEAL AND ERROR.—*Parties.*—*Decedents' Estates.*—*Assignment of Errors.*—An assignment of errors naming "Estate of Frederick Bronnenberg, deceased," as appellee, is insufficient. p. 656.

2. SAME.—*Assignment of Errors.*—*Amendment.*—*Dismissal.*—An assignment of errors naming an estate as appellee may be amended upon motion where appellees filed a brief on the merits and subsequently moved to dismiss the appeal, the appellant immediately after the making of such motion asking leave to amend. p. 657.

From Madison Circuit Court; *Vinson Carter,* Special Judge.

Action by Eldon B. Pierse against Calvin A. Bronnenberg and another, as administrators of the estate of Frederick Bronnenberg, deceased. From a judgment for defendant, plaintiff appeals. On motion to dismiss the appeal and for leave to amend assignment of errors. (For decision on merits, see — Ind. App. —.) *Motion to dismiss overruled and motion for leave to amend granted.*

*Patrick J. Casey* and *Kittinger & Diven,* for appellant. *Bagot & Bagot,* for appellees.

ROBINSON, C. J.—On motion to dismiss and for leave to amend assignment of errors.

The record shows that appellant filed in the office of the clerk of the Madison Circuit Court his claim against the estate of Frederick Bronnenberg, deceased. The claim not having been allowed by the duly qualified and acting administrators of the estate, the same was placed on the appearance docket. Afterwards, Calvin A. Bronnenberg, as one of the administrators of the estate, filed an affidavit for a change of venue from the county and the cause was sent to Delaware county. In the Delaware Circuit Court

the administrators, Calvin A. and Ransom Bronnenberg, demurred to the claim. The cause seems to have been carried along on the docket as Eldon B. Pierse v. Estate of Frederick Bronnenberg. By agreement the cause was certified back to the Madison Circuit Court, and Calvin A. Bronnenberg, as one of the administrators, made affidavit for change of judge, and a special judge was appointed to try the cause. Upon a trial the court made a special finding of the facts. The findings say nothing about any administrators having been appointed, but do state that Frederick Bronnenberg died in June, 1901. Among the conclusions of law it was stated that the claimant was not entitled to recover anything on his claim. Judgment was rendered July 8, 1905. The assignment of errors begins: "Eldon B. Pierse, appellant, v. Estate of Frederick Bronnenberg, deceased, appellee."

The record was filed in this court August, 1905, and appellant's brief, on November 6, 1905. On November 21, 1905, the attorneys who represented the estate and the administrators in the trial court filed a brief on the merits of the case in this court as "attorneys for appellee." On August 31, 1906, appellee filed a motion to dismiss the appeal on the grounds that the assignment of errors does not contain the full names of all the parties, and does not contain or purport to contain the name of any appellee. On September 8, 1906, appellant filed a motion for leave to amend the assignment of errors by making "Calvin A. Bronnenberg and Ransom Bronnenberg administrators of the estate of Frederick Bronnenberg, deceased," appellees.

It is clear that the assignment of errors is defective. But it clearly appears from the record that there were administrators of the estate, and, representing the estate, through their attorneys, they have entered their appearance in this court, and filed a brief upon the merits of the case. Appellant and the estate only

MAY TERM, 1906.     657

Grand Rapids, etc., R. Co. *v.* Railroad Com., etc.—38 Ind. App. 657.

will be affected by either an affirmance or a reversal

2.    of the judgment. If the names of the administrators are put in the assignment as representing the estate, an affirmance or a reversal of the judgment will have the same effect it would have without such amendment. We think the reasoning in *McConahey* v. *Foster* (1899), 21 Ind. App. 416, and cases there cited, is applicable to the question here presented, and upon the authority of that case the motion to dismiss is overruled, and the motion to amend the assignment of errors is granted.