CRAVENS ET AL. *v.* THE STATE OF INDIANA, EX REL. WHITE, ADMINISTRATOR.

[No. 7,536. Filed October 5, 1910.]

APPEAL.—*Bonds.—Decedents' Estates.*—An appeal from a judgment, in favor of an administrator *de bonis non*, against the former administrator and the sureties on his bond, is governed by §§670, 672 Burns 1908, §§631, 633 R. S. 1881, giving one year in which to perfect such appeal, and not by §§2977, 2978 Burns 1908, §2454 R. S. 1881, and Acts 1899 p. 397, requiring all appeals growing out of matters connected with decedents' estates to be perfected by the filing of a bond, within ten days after the judgment, in double the sum in controversy.

From Johnson Circuit Court; *William E. Deupree,* Judge.

Action by The State of Indiana, on the relation of John C. White, as administrator *de bonis non* of the estate of Martha J. Handy, deceased, against Thomas W. Cravens and others. From a judgment for plaintiff, defendants appeal. On motion to dismiss. *Motion overruled.* (For decision on merits, see — Ind. App. —.)

*L. E. Slack* and *Miller & Barnett,* for appellants.
*William Featherngill,* for appellees.

PER CURIAM.—Appellee White, as administrator *de bonis non* of the estate of Martha J. Handy, recovered judgment in the court below for $551.90 against David Lamkin, the former administrator of the estate of said decedent, as principal on his administrator's bond and against appellants Thomas W. Cravens and James Works as sureties.

Appellee White moved to dismiss this appeal, on the ground that it is governed by §2977 Burns 1908, §2454 R. S. 1881, that appellant did not file-nor offer to file his appeal bond until more than ten days, to wit, thirty-four days, after the rendition of said judgment (§2978 Burns 1908, Acts 1899 p. 397), and that the appeal bond filed is in the sum of $1,000, and does not contain a penal sum double the amount (including the interest and costs) in controversy.

The proceeding is governed by §§670, 672 Burns 1908, §§631, 633 R. S. 1881. See, also, *Rogers* v. *State, ex rel.* (1901), 26 Ind. App. 144; *Holderman* v. *Wood* (1905), 34 Ind. App. 519; *Mark* v. *North* (1900), 155 Ind. 575.

The motion is overruled.