NOTE.—The foregoing opinion should have been published in a previous volume of the Appellate Court reports, but because the ruling indorsed on a motion to dismiss a petition to transfer the cause to the Supreme Court erroneously made it appear that the appeal was dismissed, the existence of this opinion became known only recently.—REPORTER.

----

## CITY OF DECATUR *v.* EADY, EXECUTRIX.

[No. 8,711.    Filed June 10, 1914.]

1. APPEAL.—*Parties.—Determination.—Searching Record.*— The court on appeal, in order to ascertain the proper parties to the judgment appealed from, when any question arises with reference thereto, will look through the record and, if necessary, to the summons.  p. 691.

2. ASSIGNMENT OF ERRORS.—*Amendment.—Parties.*—In an action for wrongful death, if the record shows with certainty that the judgment appealed from is in favor of plaintiff, as administratrix, and that plaintiff is in fact acting both as administratrix and executrix, an amendment of the assignment of errors, which designated plaintiff as executrix, so as to designate her as administratrix, would be jurisdictional in character and could not be permitted more than one year after the rendition of judgment; but where from the record it was uncertain whether the action was instituted in the name of plaintiff, as administratrix or executrix, the summons and title of almost all the record entries indicated that it was by her as executrix, while the title of the complaint indicated that it

was by her as administratrix, there was no record entry show-
ing leave to amend or that any amendment was ever made to
the complaint, which contained language to support each theory
as to the capacity in which plaintiff instituted the action, and
the cause was one upon which an action in favor of the execu-
trix was not authorized, the judgment would be treated as in
favor of plaintiff as administratrix, and the use of the word
"executrix" throughout the proceedings as a clerical error,
especially where such word, when used, was followed by the
words "of the estate," rather than the words "of the will,"
and appellant would be permitted to amend the assignment of
errors so as to designate plaintiff as administratrix, though
the application for leave to amend was not made until more
than a year after the rendition of judgment. p. 691.

3. MUNICIPAL CORPORATIONS.—*Actions.*—*Designation of City.*—
In an action against the city of Decatur, it was sufficient to
designate defendant as "The city of Decatur," instead of desig-
nating it, "The city of Decatur, Indiana, a municipal corpora-
tion," such additional words being descriptive only, and un-
necessary. p. 697.

From Allen Circuit Court; *E. O'Rourke,* Judge.

Action by Rebecca Eady, executrix of the estate of
Philip J. Eady, deceased, against the city of Decatur.
From a judgment for plaintiff, the defendant appeals,
and thereafter filed its application for leave to amend
the assignment of errors. *Application granted in part.*

*David E. Smith, Louis C. DeVoss* and *Colerick &
Hogan,* for appellant.

*C. J. Lutz,* for appellee.

HOTTEL, J.—Appellant has filed an application by way
of motion for leave to amend its assignment of errors,
by which it seeks to amend the title of the assignment of
error, first, by adding to the name of the appellant and
after the words "The City of Decatur," the words, "In-
diana, a municipal corporation," and second, by strik-
ing out the name of the appellee in such title the word
"executrix" and inserting in lieu thereof the word,
"administratrix."

This application to amend is supported by the affidavit of Guy Colerick one of appellant's attorneys in which he shows among other things, by way of excuse for the error he seeks to amend, that the original complaint was in two paragraphs, filed in the Adams Circuit Court, each of which designated the appellee as Rebecca Eady, executrix; that A. P. Beatty then had charge of the case for the plaintiff and Lewis C. Devoss, appellant's city attorney, and David E. Smith, now judge of the Adams Circuit Court, had charge of the defense; that said cause was afterwards venued to the Allen Circuit Court when the firm of Colerick and Hogan was employed to assist in the defense. That affiant Colerick as a member of said firm, prepared the bills of exceptions, transcript, and assignment of error, and perfected the appeal of said case and wrote the brief for the appellant; "That affiant's knowledge of the capacity in which the appellee instituted this action is gained solely and alone from his knowledge of facts occurring after the perfecting of the venue of said action to * * * Allen County, * * *; that when said action was venued to said Allen Circuit Court the plaintiff therein was designated as Rebecca Eady, Executrix and the title of said action throughout the record and proceedings, both in this and the lower court, styles the plaintiff as Rebecca Eady, Executrix; that on the day set for the trial of this action, the plaintiff * * * (appellee) discovered that she had instituted her action as executrix instead of administratrix and asked permission and courtesy from the attorneys for the appellant * * * to be allowed to strike out the word 'executrix' and insert in lieu thereof the word 'administratrix' without interfering with the time of trial, which courtesy and permission was granted by the attorneys for the appellant * * *; that thereafter all the pleadings filed in said cause were styled 'Rebecca

Eady, Executrix vs. The City of Decatur, Indiana, a municipal corporation,' including the request by the plaintiff herself for written instructions at the trial of said cause; that all the record entries ever made in said cause, both in the Adams and the Allen Circuit Courts, are styled 'Rebecca Eady, Executrix vs. The City of Decatur, Indiana, a municipal corporation,' including the entry containing the judgment of the court; that there is but one place in the record in said cause in which the plaintiff is styled 'administratrix' and that is in the title as contained in the complaint; that in the body of the first paragraph of complaint there is contained the following allegation:   'Comes now the plaintiff in the above entitled cause and says that she is the duly appointed, qualified and acting *executrix, etc.*'

Affiant further swears that in preparing said assignment of error, by inadvertence and by mistake, which mistake occurred by the many mistakes contained in the record, as above set out, which confusion and mistakes in the record were caused entirely by the mistake of the appellee in so instituting her action, he styled the appellee 'executrix' instead of 'administratrix'; that said mistake occurred, as above set out, wholly and alone, through the confusion contained in the record in the styling of said appellee by said designation of executrix in all the entries and in all the pleadings, excepting solely in the complaint."

This court, in order to ascertain who are the proper parties to the judgment appealed from, when any question arises with reference thereto, will "look through the record and, if necessary, to the summons." *Bozeman* v. *Cale,* (1893), 139 Ind. 187, 189, 35 N. E. 828.   When we look to the record we find it discloses the following facts:   The first entry appearing therein shows, as the first proceeding had in the Allen Circuit Court, the filing in such

court of the transcript of the proceedings had in the Adams Circuit Court, and bears the following title: "Rebecca Eady, Administratrix vs. The City of Decatur, Indiana." Such transcript is then set out, and shows as the first proceeding had in the Adams Circuit Court, the filing of the complaint, and the entry showing the filing of such complaint in the Adams Circuit Court, is entitled as follows: "Rebecca Eady, Administratrix vs. The City of Decatur, Indiana. No. 8149." There was filed along with such transcript from the Adams Circuit Court a complaint in two paragraphs entitled as follows: "Rebecca Eady, Administratrix vs. The City of Decatur, Indiana, a Municipal Corporation."

The first paragraph of this complaint contains the following averment: "Comes now the plaintiff in the above entitled cause and says that she *is the duly appointed qualified and acting executrix* of the estate of Philip J. Eady, deceased, who died on March 24, 1911, leaving surviving him his widow the plaintiff herein, and the following named children: Cecil, seventeen years of age, Irene, fourteen years of age, Vera, twelve years of age, *and as such administratrix* she complains of the defendant, the city of Decatur, Indiana, and says," etc. The second paragraph of complaint contains the following averments: "For a second and further paragraph of plaintiff's complaint she complains of the defendant and says that she *is the duly appointed, qualified and acting administratrix* of the estate of Philip J. Eady, deceased who died on the 24th day of March, 1911, leaving surviving him his widow, the plaintiff herein, and the following named children: Cecil, seventeen years of age, Irene, fourteen years of age, Vera, twelve years of age, and as such *administratrix* she complains of the defendant, the City of Decatur, Indiana, and says," etc.

The summons issued on said complaint commanded the sheriff to summons, etc., "to answer the complaint of Rebecca Eady, *executrix* of the estate of Jacob Eady deceased. Complaint for damages. Demand $10,000." This summons was served by reading and leaving a copy of said summons.

The defendant's answer filed with said transcript in the Allen Circuit Court was entitled as follows: "Rebecca Eady, Executrix vs. The City of Decatur, A Municipal Corporation."

The affidavit for change of venue filed with such transcript, and, excepting the first above indicated, the record entries made in the Allen Circuit Court up to and including the instructions tendered by the plaintiff and the entry of the final judgment, each and all bore the title, "Rebecca Eady, Executrix vs. The City of Decatur, a Municipal Corporation."

The certificate of the clerk of the Adams Circuit Court to his transcript certifies that such transcript "contains a full copy of the order book entries and the order of the Court in said cause of Rebecca Eady, Administratrix vs. The City of Decatur, Indiana, as the same remains of record in my office," etc.

The caption of the instructions and interrogatories tendered by the defendant each bore the following title: "Rebecca Eady, Ex. of the Estate of Philip J. Eady, deceased v. City of Decatur."

The general verdict returned by the jury was as follows: "No. 12312 Rebecca Eady, Admx. Estate Phil. J. Eady. We, the jury find for the plaintiff and assess her damages in the sum of Forty Seven Hundred and Fifty ($4750.00) Dollars. Chas. G. Griebel, Foreman."

The motion for a new trial was entitled as follows: "Rebecca Eady, Executrix of the Estate of Philip Eady vs. City of Decatur."

Affidavits filed by defendant with its motion for new trial were entitled as follows: "Rebecca Eady, Executrix of the Estate of Philip Eady vs. City of Decatur."

Counter-affidavits filed by plaintiff were entitled as follows: "Rebecca Eady, Executrix vs. The City of Decatur, a Municipal Corporation."

The record entry showing the filing of the general bill of exceptions is entitled as follows: "Rebecca Eady, Exc., vs. City of Decatur."

Such bill of exceptions bears the following title: "Rebecca Eady, Administratrix of the Estate of Philip Eady vs. City of Decatur."

The judgment is as follows: "It is therefore considered, adjudged and decreed that the said plaintiff do have and recover of and from the defendant, The City of Decatur 'A Municipal Corporation.'"

The praecipe for the transcript in this court is entitled as follows: "Rebecca Eady, as Ex. of est. of Philip Eady, dec'd., vs. City of Decatur."

The motion for a new trial was overruled and judgment rendered September 7, 1912. The transcript was filed in this court August 13, 1913. This application to amend the assignment of error was filed April 25, 1914, and more than one year after the rendition of said judgment.

It is very earnestly contended by appellee that appellant's application comes too late; that, under the decided cases, such motion or application will be denied when filed after the year for perfecting the appeal has expired.

The general rule adopted by the Supreme Court and this court is that insisted on by appellee, (*Nordyke & Marmon Co.* v. *Fitzpatrick* (1904), 162 Ind. 663, 665-666, 71 N. E. 46; *Town of Windfall City* v. *State, ex rel.* (1910), 174 Ind. 311, 313, 92 N. E. 57; *Bender* v. *State ex rel.* (1914), 176 Ind. 70, 95 N. E. 305; *Pope* v. *Voight*

(1912), 49 Ind. App. 176, 178, 96 N. E. 984; *Jenkins* v. *Steele* (1913), 55 Ind. App. 11, 103 N. E. 365), and if we could say with certainty from the record above indicated that the judgment appealed from is a judgment in favor of Rebecca Eady, administratrix of the Estate of Philip J. Eady, deceased, and that Rebecca Eady was in fact both the executrix of the will of Philip J. Eady, deceased, and administratrix of the estate of such decedent and was acting in each separate capacity, we think the amendment asked would be jurisdictional in character and under the authorities should be refused. See authorities cited, *supra.*

This would be so because Rebecca Eady in her capacity as executrix of such will would be one person and Rebecca Eady, as administratrix of the estate of such decedent would be an entirely different person. Rebecca Eady, as administratrix of such estate would be entitled to bring an action of the character here brought, and a judgment in her favor in such capacity, no error of law intervening, would be authorized by §285 Burns 1908, Acts 1899 p. 405; but Rebecca Eady, executrix could have had no cause of action in the first instance under such statute.

It is also true as appellee, in effect, contends that the record rather than appellant's application and affidavit should be looked to in determining whether the amendment asked should be permitted. As before suggested the state of the record is such as to render doubtful and uncertain whether the action was instituted in the name of the Rebecca Eady, executrix or Rebecca Eady, administratrix. The summons and the title of almost all the record entries indicate that the action was by Rebecca Eady, executrix, while the title of the complaint indicates an action by Rebecca Eady, administratrix. We find no record entry showing leave to amend the complaint at any time and nothing to show that any

amendment in such respect was ever made. The body of one paragraph of the complaint contains language indicating that the suit is by Rebecca Eady, executrix, while there is other language in the same paragraph, and in the second paragraph indicating that the suit was by Rebecca Eady, administratrix.

As before suggested we know that an action of the character involved is authorized in favor of the administratrix and not in favor of the executrix, and we think this court is therefore warranted in assuming in favor of the judgment below that the action proceeded to judgment in the trial court in the name of Rebecca Eady, administratrix, rather than in the name of Rebecca Eady, executrix.

Appellant by its application herein admits that the judgment appealed from is, in fact, in favor of Rebecca Eady, administratrix and not Rebecca Eady, executrix, and it is to appellee's interest to have the judgment so construed. To so construe it necessitates the inference that both parties to the action have inadvertently used, or permitted the use of, the word "executrix" instead of "administratrix"; that the error in the use of such word "executrix" throughout the proceedings has been of a clerical and informal nature and not as a change or substitution of different parties in interest. That such use of the word was of a clerical and informal nature is further evidenced by the qualifying words which follow it, viz., the words "of the estate" of such decedent instead of the words "of the will" of such decedent. It follows, we think, under such peculiar state of the record here presented, that fairness to both parties requires this court to treat the judgment appealed from as a judgment in favor of Rebecca Eady, administratrix of the estate of Philip J. Eady, deceased, and to treat the use of the word "executrix" throughout the entire proceeding both in the trial court and in this court, as an

informal and clerical error in the use of the word "executrix" where "administratrix" was intended.   If we are correct in thus treating the use of such words, former decisions of this court and the Supreme Court authorize the amendment asked after the expiration of the year from the date of the judgment.  *McConahey's Estate* v. *Foster* (1899), 21 Ind. App. 416, 52 N. E. 619; *Rogers* v. *State, ex rel.* (1901), 26 Ind. App. 144, 147, 59 N. E. 334; *Pierse* v. *Bronnenberg.* (1906), 38 Ind. App. 655, 78 N. E. 1045; *Bruiletts Creek Coal Co.* v. *Pomatto* (1909), 172 Ind. 288, 293, 88 N. E. 606.

In view of the state of the record here presented there can be no doubt but that the ends of justice will be best served by such a disposition of appellant's application.

The first amendment asked by appellant we deem unnecessary.  Section 8993 Burns 1908, being §19 of Cities and Towns Act, Acts 1905 p. 219, expressly

3.   provides that a town shall be considered "a body politic and corporate, by the name of the 'Town of ————,' according to the name of such town, and by such name shall have authority to prosecute and defend suits to which such town is a party."

In the case of *Johnson* v. *Common Council of Indianapolis* (1861), 16 Ind. 227, it was held in effect that though the statute contained no provision for the corporate name of a city the presumption would maintain that it would retain its former name except that it would be the city of ————, instead of the town of ————.

In the case of *Utica Township, etc.* v. *Miller* (1878), 62 Ind. 230, it was held that an action against a township in its ordinary corporate name without the qualifying word "school" is an action against the civil township.

For the same reason and by analogy, an action against

the city of Decatur is an action against the civil city or municipal corporation and not against the school corporation, and hence the words "Indiana, a municipal corporation" following the words "The City of Decatur" are descriptive only and unnecessary.

For the reasons indicated appellant is permitted and authorized to amend his assignment of error in the respect herein indicated, any additional costs in this court occasioned thereby, including cost of printing any additional briefs by appellee to be taxed to and paid by appellant.

REPORTER'S NOTE: The above opinion should properly have been reported in Vol. 56 of the Appellate Court Reports but for reasons unknown to the present Reporter the existence of this opinion has not been discovered until the present time.