## GUNN ET AL. *v.* HAWORTH ET AL.

[No. 19,790.   Filed October 16, 1902.   Motion to reinstate denied
November 18, 1902.]

APPEAL AND ERROR.—*Term-Time Appeal.—Parties.*—A term-time appeal may be taken, under the provisions of §647a Burns 1901, by part only of coparties against whom a judgment has been rendered, and in such case it is not necessary to name those not appealing in the assignment of errors.  *p. 420.*

SAME.—*Assignment of Error.—Names of Parties.*—The assignment of errors on appeal must contain the full names of the parties.   The use of initial letters for Christian names is insufficient.  *pp. 420, 421.*

From Hamilton Circuit Court; *J. F. Neal,* Judge.

Proceeding by Cassius Haworth and others for the construction of a free gravel road.   From a judgment for the petitioners, Henry N. Gunn and others, remonstrators, appeal.  *Appeal dismissed.*

*I. W. Christian, W. S. Christian* and *E. E. Cloe,* for appellants.

*George Shirts* and *W. R. Fertig,* for appellees.

HADLEY, J.—Appellees filed before the board of commissioners of Hamilton county their petition for the construction of a free gravel road under the act approved April 8, 1885 (Acts 1885, p. 162), and such proceedings were had thereunder that appellants and one Mary Likens seasonably filed their joint remonstrance against the viewers' report for the causes, "(1) That the viewers' report is not according to law; and (2) the land of each remonstrator is not benefited." The remonstrance was determined adversely to all of the remonstrators, and they all joined in an appeal to the circuit court.   The remonstrance was submitted to trial by jury, and resulted in a verdict for the petitioners, and a judgment for costs against "Henry N. Gwinn, John Siler, Obed A. House, David F. House, James M. Beck, William O. Rich, Samuel Shively and Mary Likens," these being

all the remonstrators. A joint motion for a new trial was made and overruled, and the remonstrators appeal.

The assignment of errors in this court is entitled as follows: "Henry N. Gunn, John Siler, O. A. House, David F. House, James M. Beck, W. A. Rich, Samuel Shively, appellants, v. Cassius Haworth, [and about seventy others the Christian names of eighteen of whom being given by initials only] appellees."

Appellees claim the assignment is insufficient to challenge the judgment of the circuit court: (1) Because Mary Likens, one of the joint judgment defendants, as shown by the record, is not named as an appellant; (2) because the Christian names of two of the appellants and eighteen of the appellees are given only by initial letters; and (3) because Henry N. Gunn, in the assignment, is not *idem sonans* with Henry N. Gwinn the judgment defendant, and that for each of these reasons the appeal should be dismissed.

With respect to the first ground for dismissal, the record shows that this is a term-time appeal, and governed by §647a Burns 1901, which provides that part, only, of coparties against whom a judgment has been taken, may appeal without making other coparties parties to the appeal, and in such case it is unnecessary to name those not appealing in the assignment of errors. See *Shuman* v. *Collis,* 144 Ind. 333; *McKee* v. *Root,* 153 Ind. 314. Nothing appearing to the contrary this court presumes that Mary Likens was omitted from the assignment of errors under the authority of the above section.

The second ground presents a more serious question. To overrule this ground requires us to hold that the use of initial letters for Christian names is a sufficient designation and identity of the parties to an action; and this we can not do. It was said by this court very early in its history that "there is no principle more certainly and satisfactorily settled than that, in all actions, the writ and declaration

must both set forth, accurately, the Christian and surname of each plaintiff and each defendant." *Hays* v. *Lanier,* 3 Blackf. 322. The same doctrine has always been, and is still, the law of this State, except as may be otherwise provided by statute. It has also been decided a great many times that the assignment of errors is the appellant's complaint in this court, and that the full names of all the parties to the judgment complained of must be set out in the title or body of the assignment. Rule 6 of this court; *Burke* v. *State,* 47 Ind. 528; *Thoma* v. *State,* 86 Ind. 182; *Snyder* v. *State, ex rel.,* 124 Ind. 335; *State* v. *Hodgin,* 139 Ind. 498.

It is said in Burke's case: "The assignment of errors in this court is like a complaint in the court below, in which the full names of the parties must be given;" and in Hodgin's case: "Another and indispensable requirement of this rule [6] is that the 'full names of the parties' shall be stated." See, also, to the same effect, *Garside* v. *Wolf,* 135 Ind. 42; *Gourley* v. *Embree,* 137 Ind. 82; *Hutts* v. *Martin,* 141 Ind. 701; *Big Four, etc., Assn.* v. *Olcott,* 146 Ind. 176; *McClure* v. *Shelburne Coal Co.,* 147 Ind. 119; *Barnett* v. *Bromley Mfg. Co.,* 149 Ind. 606; *Loucheim* v. *Seeley,* 151 Ind. 665; *Smith* v. *Fairfield,* 157 Ind. 491; Elliott, App. Proc., §§186, 322; Ewbank's Manual, §226.

Section 5623 Burns 1901, relating to drainage, provides that the petition shall be sufficient to give the court jurisdiction and power to fix liens if the lands are described as belonging to the persons who appear by the last tax duplicate to be the owners; and it was held by us in *Goodrich* v. *Stangland,* 155 Ind. 279, which was a drainage case, that when the initials of the Christian names of certain appellees were given in the assignment of errors just as they were given by the persons themselves in their own pleadings in the case, it would not render the assignment sufficiently defective to entitle them to a dismissal of the appeal. But this is not a drainage case, and there is to be found nowhere

in the statute under which this proceeding is had any warrant for a departure from the well established, rule; and as relates to Henry.N. Gunn, O. A. House and W. A. Rich who appear as appellants, and join in the assignment of errors, it is clear that we are not justified in assuming that they are the same persons as Henry N. Gwinn, Obed A. House and William O. Rich, against whom the judgment was rendered.

The appeal should be dismissed. Appeal dismissed.