Nordyke & Marmon Co. v. Fitzpatrick.

## NORDYKE & MARMON COMPANY *v.* FITZPATRICK ET AL.

### [No. 20,321. Filed May 18, 1904.]

APPEAL AND ERROR.—*Assignment of Errors.— Vacation Appeal.—Amendment after Expiration of One Year.*—Where the only assignment of errors filed within the year allowed for vacation appeals made but one of the defendants appellant, and named as appellee but one person, who died before the appeal was taken, and who if living should have been made a co-appellant, such assignment was void, and the court can not permit an amended assignment of errors to be filed, or a substitution of parties to be made, after the expiration of the year. *pp. 662–666.*

SAME.—*Assignment of Errors Must Contain Full Names of Parties.*—An assignment of errors must contain the names, in full, of all appellants and appellees. *p. 666.*

From Greene Circuit Court; *O. B. Harris,* Judge.

Action by Homer Lowder and others against the Nordyke & Marmon Company. From a judgment for plaintiffs, defendant company appeals. Transferred from Appellate Court under §1337u Burns 1901. *Appeal dismissed.*

*W. L. Slinkard* and *T. E. Slinkard,* for appellant.
*C. E. Davis,* for appellee.

JORDAN, J.—Appellees, Homer, Mary, and Lillie Lowder, successfully prosecuted this action to recover a money judgment, and to foreclose a vendor's lien upon certain described real estate. This is a vacation appeal, and the final judgment was rendered on February 13, 1902, and the transcript, together with what purports to be the original assignment of errors, was filed in the office of the clerk of this court on February 13, 1903. The assignment of errors filed on said date was entitled "The Nordyke & Marmon Company, appellant, v. Augustine L. Fitzpatrick et al." On February 24, 1903, appellant filed what it denominated an amended assignment of errors, by which, in addition to Augustine L. Fitzpatrick, the sole appellee mentioned in the original assignment, Ralda Fitzpatrick, Dean Rush, Amanda Rush, Homer, Mary, and Lillie Lowder, were made appellees. On March 31, 1903, another amended assignment of errors was filed making Cleophas, Joseph, James, Lovia, and Guy Fitzpatrick and Grace Smith additional appellees. It is stated in this assignment of errors that after the rendition of the judgment below, but before this appeal was taken, Augustine L. Fitzpatrick died, and that these new or additional appellees are his children.

On May 8, 1903, appellees, Homer, Mary, and Lillie Lowder filed a motion to dismiss this appeal for certain reasons therein stated, among which were (1) that the appeal was not taken and completed until after the expiration of one year from the date of the final judgment; (2) that no notice of the appeal was issued and given to any coparties until February 24, 1903; (3) that the names

of the appellees to this appeal were not set out in the assignment of errors filed on February 13, 1903; (4) that the amended assignment of errors of February 24, 1903, was filed without any notice to appellees or their attorneys, and that no consent was given by them or their attorneys for the filing of said assignment; (5) that appellant has failed to make its codefendants below co-appellants in this appeal, and to serve them with notice thereof, but instead has made them appellees herein; (6) because at the time the original assignment of errors was filed in this court Augustine L. Fitzpatrick, who is named therein as appellee, was dead, he having died after the rendition of the judgment, but before the appeal was taken. The grounds upon which appellees base their motion to dismiss are fully supported by the record, and verified by affidavits.

Counsel for appellant, in their brief filed in opposition to the motion to dismiss, admit that they made a mistake in the original assignment of errors, but argue, in effect, that the omission to file a proper assignment in the first instance must be considered as cured by the amended assignment of errors thereafter filed.

That the motion to dismiss this appeal must be sustained is beyond controversy. In the original assignment of errors, which is the only one filed within the year allowed for appeal, the Nordyke & Marmon Company was the sole appellant. None of its codefendants below was made a co-appellant in the appeal. Augustine L. Fitzpatrick, who, as it appears, died after the judgment below had been rendered, but before this appeal was taken, was the only person named and set out as appellee in the original assignment. Homer, Mary, and Lillie Lowder, who were appellees, were entirely omitted as such in said assignment. The record discloses that if Augustine L. Fitzpatrick had been in life at the time the appeal was taken, he should have been made a co-appellant instead of

an appellee. It is certainly manifest, under the circumstances, that the original assignment of errors was absolutely a nullity. Consequently there was nothing to amend, and the case stands as though no assignment of errors had been filed within the period prescribed by law for taking an appeal. It has been repeatedly affirmed by the decisions of this court that, in order to perfect an appeal within the year, the transcript, with a proper assignment of errors thereon, must be filed with the clerk of this court within that period. *Lawrence* v. *Wood,* 122 Ind. 452; *Tate* v. *Hamlin,* 149 Ind. 94, and cases cited; *Holloran* v. *Midland R. Co.,* 129 Ind. 274; *Smith* v. *Fairfield,* 157 Ind. 491; *Doble* v. *Brown,* 20 Ind. App. 12.

As there was no valid appeal taken within the time limited by law, the court had no jurisdiction to allow either an amended assignment of errors to be filed, or a substitution of parties to be made, after the expiration of the year. *Moore* v. *Slack,* 140 Ind. 38, and cases there cited; *Doble* v. *Brown, supra.*

It is an imperative requirement that the assignments of error in appeals to this court must contain the names in full of all the parties to the appeal—both appellants and appellees. *Snyder* v. *State, ex rel.,* 124 Ind. 335; *Gunn* v. *Haworth,* 159 Ind. 419; Rule six of this court.

Without regard to the other grounds urged for a dismissal, the fact that no assignment of errors, in contemplation of law, was filed within the year allowed for taking the appeal will operate to dismiss the appeal.

Appeal dismissed.