## TIPTON LIGHT, HEAT & POWER COMPANY v. DEAN.

[No. 20,555.    Filed April 19, 1905.]

1. APPEAL AND ERROR.—*Supreme Court Rules.—Brief.—Evidence.*—Where appellant's brief under the title "Evidence" admits all the points on which there is evidence against it, but as to the third paragraph of complaint says "there is no evidence of any kind whatever" as to an allegation, and the appellee supplies the evidence on such allegation in his answer brief, the court will consider the sufficiency of the evidence.    p. 534.

2. NEW TRIAL.—*Contracts.—Completion.—Acceptance.*—Where there is no evidence that the contract was completed or the work accepted, a verdict for plaintiff for compensation for the performance thereof should be set aside as not sustained by the evidence.    p. 535.

From Tipton Circuit Court; *J. F. Elliott,* Judge.

Action by Zachariah T. Dean against the Tipton Light, Heat & Power Company. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590.    *Reversed.*

*Oglebay & Oglebay,* for appellant.
*Loring W. Mellett, Eli P. Myers* and *Dan Waugh,* for appellee.

GILLETT, J.—Appellee was the plaintiff below. His complaint was in three paragraphs. In each paragraph it is alleged that appellant promised to pay appellee $100 for the performance of certain work which the latter agreed to do in and about the repair of a gas-well. The paragraphs differ only as to the wells they respectively relate to. Appellee alleged in general terms performance of the conditions on his part. Appellant filed a general denial and a plea of

payment. Upon the closing of the issues there was a trial, which resulted in a verdict for appellee for $300. Appellant filed a motion for a new trial, assigning as a ground therefor "that the assessment of the amount of recovery is erroneous, it being too large." Appellee filed a remittitur of $30, and thereupon the court rendered judgment for $270.

1. Appellant seeks a reversal in this court on the ground that the evidence does not show performance upon the part of appellee under the first and third paragraphs of his complaint. It is insisted by appellee's counsel that there has not been such a compliance with the fifth subdivision of rule twenty-two of· this court as to present these questions. This is not a case where there has been no attempt upon the part of appellant to comply with said requirement. Under a heading in its brief denominated "The evidence," appellant fully admits the points on which there is evidence against it, but as to the third paragraph it is stated that "there is no evidence of any kind whatever tending to show that the appellee ever performed the conditions on his part as to the Riley well." In his answer brief appellee sets out the substance of the evidence given by each witness which he claims supplies this omission, referring in each instance to the page and line of the transcript. The subdivision of the rule above referred to, after providing the character of the statement of the evidence which appellant shall prepare where the sufficiency of the evidence to sustain the verdict or finding is sought to be drawn in question, contains the following: "The statement will be taken to be accurate and sufficient for a full understanding of the questions presented for decision unless the opposite party in his brief shall make necessary corrections or additions." In *McElwaine-Richards Co.* v. *Wall* (1902), 159 Ind. 557, this court stated that said rule "exacts of the appellee the duty in his brief to point out any omissions or inaccuracies in the statement made by appellant in respect to the record." In no case will the omis-

sion of appellant sufficiently to comply with the rule be set off against the omission of appellee to point out the omissions and inaccuracies in appellant's statement, for the rule was made for the protection of the court, and such a holding would nullify the rule; but where, as here, there has been an attempt upon the part of appellant to comply with the duty devolved upon him, and appellee, for his own protection, has furnished a statement of the testimony which he contends supplies the omitted matter, it is our view, since the briefs present the question, that we should consider the sufficiency of the evidence. This was, in principle, decided in *Chicago, etc., R. Co.* v. *Wysor Land Co.* (1904), 163 Ind. 288.

2. In this case we have not only read the briefs, but we have carefully read the evidence as set forth in the bill of exceptions, and after doing so we have been unable to find any evidence which authorized the jury to conclude that the Riley well was completed, or that the work done upon it was accepted by appellant as a compliance with the contract. As appellee was to receive $100 for the repair of said well, according to the evidence tending to show a special contract, it is clear that upon the state of the record indicated appellant should have been awarded a new trial.

Judgment reversed, and a new trial ordered.