# CHICAGO TERMINAL TRANSFER RAILROAD COMPANY v. WALTON, BY NEXT FRIEND.

[No. 20,515.  Filed June 7, 1905.  Rehearing denied December 13, 1905.]

1. APPEAL AND ERROR.—*Assignment of Errors.*—*Correspondence with Record.*—An assignment of error that the Laporte Superior Court erred in overruling a demurrer to certain paragraphs of the complaint, the record showing that the Lake Superior Court alone made such ruling, presents no question. p. 643.

2. SAME.—*Assignment of Errors.*—*Amendment.*—*Time for.*— Where appellee is not at fault, the Supreme Court can not grant an appellant leave to amend his assignment of errors after the statutory period for the taking of the appeal. p. 644.

3. TRIAL.—*Instructions.*—*How Considered.*—Where the instructions considered as a whole fairly present the cause to the jury, no reversible error can be predicated thereon. p. 646.

4. APPEAL AND ERROR.—*Supreme Court Rules.*—*Briefs.*—Where appellant fails to set out the evidence, but the appellee does, questions raised thereon will be considered. p. 646.

5. SAME.—*Railroads.*—*Contributory Negligence.*—*Weighing Evidence.*—Where a railroad company kicked a string of detached freight-cars over a street crossing, thereby running over a boy, inflicting injuries causing a loss of one leg and disabling him for life, the evidence being in conflict on the questions of negligence and contributory negligence, the Supreme Court will not disturb the judgment. p. 647.

From Laporte Superior Court; *Harry B. Tuthill,* Judge.

Action by John S. Walton, by his next friend, against the Chicago Terminal Transfer Railroad Company. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

*Jesse B. Barton* and *John B. Peterson,* for appellant.
*Crumpacker & Moran,* for appellee.

JORDAN, J.—John S. Walton, an infant, commenced this action by his next friend, John W. Walton, in the Lake Su-

perior Court. The cause was subsequently taken on change of venue to the Laporte Superior Court. The action is to recover damages for personal injuries on account of the alleged negligence of appellant. The case was tried in the Laporte Superior Court by a struck jury, and a verdict for $8,500 returned in favor of appellee. On May 4, 1903, the court rendered judgment on this verdict. Appellant filed a motion for a new trial, which motion was overruled on September 21, 1903, and a transcript of the record in this appeal was filed in the Appellate Court on December 11, 1903.

The alleged errors relied upon for a reversal are based (1 and 2) on overruling appellant's demurrer to the first and second paragraphs of appellee's amended complaint; (3) in denying the motion for a new trial.

At the very threshold, opposing counsel, in their brief, raise the question that the first and second assignments of error, by which it is specifically

1. alleged that the Laporte Superior Court erred in overruling the demurrer to the first and second paragraphs, respectively, of the amended complaint, are not sustained by the record, for the reason that it is disclosed therein that the demurrer to the first and second paragraphs of the amended complaint was overruled by the Lake Superior Court, and not by the Laporte Superior Court. This contention is fully verified by the record. No such ruling on demurrer as is specifically attributed to the Laporte Superior Court by the assignment of errors is shown by the transcript on file in this appeal. Consequently, the point made by appellee's counsel, that the first and second assignments do not present for review the decision of the Lake Superior Court in overruling appellant's demurrer to the first and second paragraphs of the amended complaint, is well taken. *Indiana, etc., R. Co.* v. *McBroom*

(1884), 98 Ind. 167, and cases cited; *Smith* v. *Smith* (1886), 106 Ind. 43; *Evansville, etc., R. Co.* v. *Lavender* (1893), 7 Ind. App. 655; *Baldwin* v. *Sutton* (1897), 148 Ind. 591, and cases cited; Elliott, App. Proc., §306; Ew-. bank's Manual, §127. If appellant had not specifically limited or confined the rulings on the demurrer to the Laporte Superior Court, a different question would be presented. *McKeen* v. *Porter* (1893), 134 Ind. 483. It must follow, under the rule so firmly settled by the above authorities, that the ruling of the Lake Superior Court on the demurrer to the complaint is not presented for our consideration.

In order to obviate the deficiency in the assignment of errors, appellant on November 2, 1904, filed an application asking the court to grant it leave to amend its assignment, setting forth in the application, as an excuse for not making and filing a proper assignment in the first instance, the verified facts that its attorney who had charge of the appeal was busily engaged in court in the trial of other causes, and the further fact that the record in the cause is voluminous, and that by reason thereof, through inadvertence, it overlooked the fact that the rulings on the demurrer to the amended complaint were made by the Lake Superior Court instead of the Laporte Superior Court. The application is opposed, and the facts therein stated are controverted by counsel for appellee. An examination of the record discloses that the application to amend was made more than a month after the statutory limit for taking an appeal in the case had expired. Under these circumstances, the question presented to be determined by the court is not one of excusable neglect on the part of appellant in not making and filing a proper assignment within the year allowed for appealing the case, but it is one in regard to the right and power of this court to grant

appellant leave to make a material amendment or alteration in its assignment of errors, and then refile the pleading as amended after the expiration of . the statutory limit. In each of the following cases this court held that an assignment of errors in a case on appeal must be made and filed within the year limited by statute for taking appeals: *Bacon* v. *Withrow* (1887), 110 Ind. 94; *Lawrence* v. *Wood* (1890), 122 Ind. 452; *Smythe* v. *Boswell* (1889), 117 Ind. 365. In the latter case the court said: "An appeal must be perfected within the time limited by the statute. * * * The limitation operates primarily upon the parties, but it also binds the court, because it is a rule of procedure established by valid legislation. Our decisions are, therefore, right in holding that an appeal must be taken within the time limited by the statute, and that, unless the transcript and the assignment of errors are filed within that time, there is no cause in this court."

The making and filing of an assignment of errors by appellant within the year is, under our decisions, just as essential as is the filing of the transcript within that period. In *Smythe* v. *Boswell, supra,* it is affirmed that, in a case where an appellant has been prevented from appealing within the prescribed limit by or through the fraud of an appellee or his counsel, under these circumstances this court, by virtue of its inherent right or power, might grant an appeal notwithstanding the expiration of the statutory limit. Under the circumstances in the case at bar, the statute prescribing the limit for appealing in effect, at least, forbids us to permit appellant to file an amended assignment of errors after the expiration of the year allowed for taking the appeal. The effect of such amendment would be to allow appellant to perfect its appeal beyond the time limited by a positive statute. The application to amend is therefore overruled.

It is insisted by counsel for appellee that under the third assignment—error in overruling the motion for a new trial—the point made by appellant, that the judgment

3. is not sustained by sufficient evidence, ought not to be considered, for the reason that it has not recited in its brief the evidence given in the cause, as required by rule twenty-two of this court. It is also insisted that the rulings of the court in giving and refusing instructions, of which appellant complains, should not be considered, because it has further failed to comply with the above rule in not setting out in its brief the instructions in question, or a substantial statement thereof. While this latter contention may be said to be fully sustained, nevertheless we have overlooked appellant's omission in this respect, and have read and considered the instructions—both those given and refused—and discover no error. The charge, as a whole, is as favorable to appellant as it can rightfully demand. In fact, the court by the instructions which it gave, fully and correctly advised the jury on the law pertaining to all material questions in the case. Some of the instructions tendered by appellant and refused are substantially embraced in those given, while others are not correct expositions of the law applicable to the case under the evidence, and were properly refused on that ground. There are no substantial reasons to warrant a reversal of the judgment below on the instructions given or refused.

Counsel for appellee, by setting out in their brief the evidence in the case, have thereby supplied in that respect the omission which they attribute to appellant.

4. Therefore it may be said that, by the joint action of the parties herein, the rule in respect to reciting the evidence has been satisfied. *Tipton Light, etc., Co.* v. *Dean* (1905), 164 Ind. 533. We have not, however, confined ourselves to an examination of the evidence alone as set forth in the briefs of the respective counsel, but have read and considered all of the testimony which is embraced in the

bill of exceptions, and discover no reason for disturbing the judgment of the trial court for insufficiency of evidence.

There is evidence to establish that appellee, a boy about nine and one-half years old, was injured at a crossing of a public street in the city of East Chicago, Lake county, Indiana, by appellant company's kicking a string of detached cars over said crossing. It appears that the cars in question were kicked over this crossing with great force, without giving any notice or warning whatever to persons passing along the street at the point in controversy. Appellee, while passing over the crossing in question, was caught and run over by this string of cars, and was thereby severely injured. His left leg was broken, and his right leg was so bruised and crushed that amputation thereof was rendered necessary. He was injured in other respects, and the injuries which he received are shown to be of such a character as will cause him much suffering and disable him for life.

It is true, as is usual, there is quite a conflict in the evidence. Nevertheless there is testimony to prove that the point where the accident happened was a crossing of a public street on appellant's road, and that the latter was guilty of actionable negligence, and that there was an absence of contributory negligence on the part of appellee. There is evidence to support the judgment on all material points.

Finding no available error, the judgment is affirmed.

Gillett, J., did not participate in this decision.