## Town of Windfall City et al. *v.* The State of Indiana, ex rel. Wood.

### [No. 21,564. Filed June 7, 1910.]

1. APPEAL.—*Vacation.—Abandonment of Term-Time Appeal.*— Where an appellant files the necessary bond within the time for taking a term-time appeal, but fails to file the transcript within the statutory time thereafter, the appeal taken will be considered as a vacation appeal. p. 312.
2. APPEAL.—*Adding New Parties to Assignment of Errors after One Year.*—The Supreme Court has no power to permit an amendment of the assignment of errors so as to add new parties thereto after the expiration of the year during which the appeal could lawfully be taken. p. 313.
3. APPEAL.—*Assignments of Errors.—Caption.*—The full names of all the necessary parties to the judgment appealed from should be set out in the caption to the assignment of errors, but where the parties omitted from the caption, as separate appellants file separate assignments under their names, they will be considered as appellants. pp. 313, 314.
4. PLEADING.—*Demurrers.—Separate.*—A demurrer alleging that "the defendants * * * demur separately and severally" to the complaint, constitutes a separate and several demurrer. p. 314.
5. MANDAMUS.—*Disannexing Land from Town.—Complaint.*—A complaint to compel a town board to disannex certain described land from the town must allege that at least one of the boundary lines thereof coincides with the corporation line of the town (§8914 Burns 1908, Acts 1907 p. 617, §7). p. 315.
6. MANDAMUS.—*Complaint.—Essentials.*—A complaint in mandamus must show a clear legal right in the plaintiff, an imperative duty on defendants to do the desired act, and that there is no other adequate legal remedy. p. 315.

From Tipton Circuit Court; *J. C. Blacklidge,* Special Judge.

Action by The State of Indiana, on the relation of George C. Wood, against the Town of Windfall City and others. From a judgment for plaintiff, defendants appeal. *Reversed.*

*W. O. Dean* and *Myers & DeWitt,* for appellants.
*Gifford & Gifford,* for appellee.

MYERS, J.—Application by appellee for mandate against appellants, the town of Windfall City, and four named individuals, composing the board of trustees of that town, to compel them to act upon a petition on the part of relator, to disannex certain described lands from the town. To the complaint defendants addressed a demurrer reading as follows: "The defendants in the above-entitled cause demur separately and severally to the alternative writ issued herein, and the verified complaint of plaintiff upon which said writ was issued," for the reason that "neither said writ nor said verified complaint states facts sufficient to constitute a cause of action." The court overruled the demurrer, the record reciting: "To which ruling of the court defendants at the time separately and severally except." The defendants refused to plead further, and on December 19, 1908, judgment was rendered against them as on default, "that the defendants the town of Windfall City and her trustees [naming them] should at the next regular meeting, being December 21, 1908, consider and adjudge and determine upon the petition of relator with reference to the matters therein set out, as in their judgment is right and proper with reference to the matter of disannexing, or retaining, the lands of the relator, and, failing to do so, said board shall answer to this court for contempt of its order, and that plaintiff recover all costs of this action." From this judgment an appeal was prayed, bond fixed at $200, to be filed within thirty days with a named surety approved, and the bond was filed January 16, 1909, but the transcript was not filed in this court until November 10, 1909, so that the appeal taken became a vacation appeal.

Appellants' assignments of errors are presented under five separate captions, all of which are entitled, "The Town of Windfall City et al. v. The State of Indiana, on relation of George C. Wood." The first assignment is that "the appellants separately and severally say that there is man-

ifest error  *  *  *  (1) in that the court erred in overruling their separate and several demurrer to appellee's verified complaint and alternative writ issued thereon, and (2) that the alternative writ of mandate and the application therefor do not state facts sufficient to constitute a cause of action. Each of the four personal defendants below, by his proper name, assigns error in overruling his separate and several demurrer to the verified complaint and the alternative writ issued thereon, and that the alternative writ of mandate and the application therefor do not state facts sufficient to constitute a cause of action. A motion has been made to dismiss the appeal for want of jurisdiction in the court, owing to the absence from the caption of the assignment of error of the name of any party appellant except the town of Windfall City. Pending the motion to dismiss the appeal, appellant on March 17, 1910, sought leave to amend the assignment of errors, which we were compelled to deny, owing to the fact that the application was made after the expiration of the year for appealing had expired, for that would necessarily be extending the time for appeal, which we cannot do. *Polk* v. *Johnson* (1906), 167 Ind. 548; *Chicago, etc., R. Co.* v. *Walton* (1905), 165 Ind. 642; *Nordyke & Marmon Co.* v. *Fitzpatrick* (1904), 162 Ind. 663; *Moore* v. *Slack* (1894), 140 Ind. 38; *Lawrence* v. *Wood* (1890), 122 Ind. 452; *Doble* v. *Brown* (1898), 20 Ind. App. 12.

Rule six of this court requires that the assignment of errors shall contain the full names of all the parties, which is held to mean all necessary parties to the judgment, but not necessarily all parties to the action below. *Smith* v. *Gustin* (1907), 169 Ind. 42; *Keiser* v. *Mills* (1904), 162 Ind. 366; *Gunn* v. *Haworth* (1902), 159 Ind. 419; *North* v. *Davisson* (1902), 157 Ind. 610; *Smith* v. *Fairfield* (1901), 157 Ind. 491; *Lowe* v. *Turpie* (1897), 147 Ind. 652, 37 L. R. A. 233; *Alexander* v. *Gill* (1892), 130 Ind. 485; *Hogan* v. *Robinson* (1884), 94 Ind. 138. Here we have

no party named in the caption as appellant except "Town of Windfall City."

Appellee also insists that the demurrer is joint, hence the assignment must be good as to all, and as it is claimed that the trustees are not appellants, no question is presented. The demurrer was separate within the rule laid down in the case of *Whitesell* v. *Strickler* (1907), 167 Ind. 602.

In the case of *Ammerman* v. *Crosby* (1866), 26 Ind. 451, it was held that the failure to set out a caption to a complaint, with the names of parties plaintiff and defendant, was supplied by naming the plaintiff and defendant in the body of the complaint. In the case of *Ferguson* v. *Despo* (1894), 8 Ind. App. 523, the name of one of the appellants was omitted from the caption, but was given, along with the other appellants, in the body of the assignment of errors, and it was held sufficient. Here, four persons—the trustees—are not named in the caption, but they, as separate appellants, file separate assignments of error under their names, and we think they must be held to have joined in the appeal. *Cambria Iron Co.* v. *Union Trust Co.* (1900), 154 Ind. 291; *Smith* v. *Wells Mfg. Co.* (1896), 144 Ind. 266; *Advance Mfg. Co.* v. *Auch* (1900), 25 Ind. App. 687.

The case before us is not analogous to the case of *Nordyke & Marmon Co.* v. *Fitzpatrick, supra,* for the defect in that case arose from endeavoring to make parties, after the year for appeal had expired, the heirs of one who was dead when the transcript was filed in this court; whereas we have here the case of persons not named in the caption, but who voluntarily join in the appeal, and assign separate errors within one year from the date of rendition of the judgment. The motion to dismiss the appeal is denied.

The complaint is based on §8914 Burns 1908, Acts 1907 p. 617, §7. The basis of objection to the complaint is that it

is nowhere alleged that one or more boundary lines of the land sought to be disannexed is the corporation line of the city or town. The complaint describes the land by metes and bounds, as containing sixty-three and seven-twentieths acres more or less, and avers that it is within the corporate limits of the town of Windfall City, but it is not alleged that it forms any boundary line of the town, and we cannot judicially know, and do not know as a fact, that it does, and that fact is a condition precedent to requiring action by the town. One who seeks to avail himself of the provisions of a statute must bring himself within its terms. *State, ex rel.,* v. *Winterrowd* (1910), *post,* 592; *Town of Windfall City* v. *State, ex rel.* (1909), 172 Ind. 302; *Fort Wayne Iron, etc., Co.* v. *Parsell* (1907), 168 Ind. 223; *Indianapolis, etc., Transit Co.* v. *Foreman* (1904), 162 Ind. 85, 102 Am. St. 185.

In order that one may avail himself of the extraordinary writ of mandate, he must show a clear legal right and an imperative duty to have the thing done which he seeks to have done, and that there is no other adequate remedy. The writ in this case wholly fails in the particulars mentioned. *Town of Windfall City* v. *State, ex rel., supra,* and cases cited.

The judgment is reversed, with instructions to the court below to sustain the demurrer to the complaint and to the alternative writ of mandate.