ROOK ET AL. v. THE STRAUSS BROTHERS COMPANY.

[No. 8,924. Filed February 9, 1915.]

1. APPEAL.—*Time for Perfecting.—Extension of Time.*—While §672 Burns 1914, Acts 1913 p. 65, provides that appeals must be taken within 180 days from the time judgment was rendered, where judgment precedes the ruling on a motion for new trial the time begins to run from the time of the latter ruling. p. 82.
2. APPEAL.—*Assignment of Errors.— Filing.— Amendment.*—The assignment of errors must be filed within the time allowed by statute, and no showing, however strong, can authorize an extension of the time beyond the statutory period; nor can an amendment of the assignment be permitted after the expiration of such period, since such would be in effect to permit the filing of a new assignment. p. 83.

From Adams Circuit Court; *Charles E. Sturgis,* Judge.

Action between Rhoda E. Rook and others and The Strauss Brothers Company. From a judgment for the latter, the former appeal and subsequently present motion for leave to amend their assignment of errors. *Motion overruled.*

*Whipple & Son* and *Lafollette & McGriff,* for appellants.
*Hooper & Lenhart* and *Heller, Sutton & Heller,* for appellee.

SHEA, J.—The record in this case is rather indefinite as to dates. It is clear, however, that the decree was rendered and motion for new trial overruled prior to January 27, 1914. On January 27, 1914, an appeal was prayed and a bond filed. The transcript was filed in this court, certified to by the clerk of the Adams Circuit Court on February 26, 1914. On October 10, 1914, a petition was filed on behalf of appellants asking leave to file an amended assignment of errors.

It is provided by statute that appeals must be taken within 180 days from the time judgment was rendered, but the courts have held in case the judgment precedes the ruling on the motion for a new trial, that the time for taking an appeal begins to run from the date on

which the motion for a new trial is overruled. §672 Burns 1914, Acts 1913 p. 65. "The assignment of errors constitutes the complaint on appeal and it must be filed within the time allowed by the statute. This court has no power to extend the time for perfecting an appeal beyond that fixed by the legislature. No showing however strong can be considered as sufficient to warrant the exercise of a power which the court does not possess." *Huber* v. *Tielking* (1914), 55 Ind. App. 577, 103 N. E. 853. The granting of the motion to file an amended assignment of errors in this case would be in effect to permit the filing of a new assignment of errors, as it would completely change the issues raised. The motion for leave to file an amended assignment of errors is therefore overruled.

NOTE.—Reported in 107 N. E. 692. As to computation of time for appeal or writ of error as affected by motion for new trial or rehearing, see 3 Ann. Cas. 630. See, also, under (1) 2 Cyc. 793; (2) 2 Cyc. 1003; 2 Cyc. 1913 Anno. 1006—new.