## MAKEEVER v. MAKEEVER ET AL.

[No. 9,937. Filed November 16, 1917.]

1. APPEAL.—*Right of Appeal.—Jurisdiction over Necessary Parties.*—Before an appellate tribunal can proceed to review questions going to the merits of the judgment from which the appeal is prosecuted, it must first appear that such court has jurisdiction of the parties whose rights and interests are affected by the judgment. p. 684.

2. APPEAL.—*Death of Defendant after Judgment.—Necessary Parties.—Personal Representative.—Heirs.*—Where defendant in an action to quiet title died after judgment in his favor and before an appeal was perfected, and his widow was appointed executrix of his estate, she was a necessary party to the appeal both in her representative capacity and as an heir. p. 684.

3. APPEAL.—*Assignment of Errors.—Amendment.—Time.*—An assignment of error cannot after the time for perfecting an appeal has expired be amended by adding a party, even though the omission is due to appellant's excusable neglect. p. 685.

4. APPEAL.—*Parties.—Substitution on Death of Party.—Notice.*—Where parties are substituted as appellees in case of the death of a party after judgment and before appeal, they should have notice either of the application to substitute, or should be served with notice after they have been named as appellees. p. 686.

5. APPEAL.—*Parties.—Substitution on Death of Party.—Notice.—Time for Serving.*—Where a party died after judgment and before appeal and no attempt was made to serve substituted appellees with notice of substitution until more than ninety days after the filing of the transcript and the assignment of errors, it was too late. p. 686.

From Newton Circuit Court; *Charles W. Hanley*, Judge.

Action by Francis M. Makeever against Jay Makeever and others. From a judgment for defendants, plaintiff appeals. *Appeal dismissed.*

*E. B. Sellers* and *John A. Dunlap*, for appellant.

*George A. Williams* and *W. H. Parkinson*, for appellees.

HOTTEL, C. J.—This is an appeal from a judgment in favor of appellees in an action brought by appellant in which he, in one paragraph of his complaint, sought to quiet title to certain real estate therein described, and in a second and third paragraph he. sought to have a trust declared in his favor in the same real estate.

The assignment of error in this court is prefaced with the following statement: "The above named appellant says that Jasper Makeever departed this life about March 15th, 1917, and that Jay Makeever, Charles Makeever, Nellie Makeever, Bride Phillips, Alberta Candice Collins and Jane Makeever are his sole and only heirs at law, and that no administrator or executor has been appointed to administer upon his estate."

Jasper Makeever was a defendant below. His name does not appear in the assignment of error in this court, but there does appear therein as appellees the names of those persons indicated in the preface of such assignment as the heirs of said deceased.

The appellees "other than the heirs of Jasper Makeever, deceased, and Virginia Estella Seward" have filed a motion to dismiss the appeal. The first ground of said motion is as follows: "(1) That no notice of the appeal in said cause has been served upon Jay Makeever." The second, third, fourth, fifth and sixth grounds of said motion are the same as the first except as to the name of the party not served, the name

appearing in said grounds respectively being Charles Makeever, Nellie Makeever, Bride Phillips, Alberta Candice Collins and Jane Makeever. The seventh ground of the motion is as follows: "That Jasper Makeever the defendant in the court below died testate on the 15th day of March, 1917, and by his will appointed his widow Jane Makeever executrix of his estate."

The eighth and ninth grounds are in substance covered by the tenth ground, which is to the following effect, viz.: That the assignment of error herein is defective in that Jasper Makeever, the defendant in the court below, "was dead and his widow, Jane Makeever, was appointed executrix of his estate after the judgment was rendered in the court below and before the transcript and assignment of errors * * * were filed in this court, and said Jane Makeever as said executrix of said estate was not made a party to the assignment of errors."

Causes 13, 14 and 15 are respectively predicated upon the fact that neither Jay Makeever, Charles Makeever nor Nellie Makeever was a defendant below, and that no notice of appeal has been served upon any of them. Said motion contains other grounds, but those indicated are sufficient for the purposes of its disposition.

Since the filing of said motion the appellant, by one of his attorneys, has filed his sworn application to make new parties, which, omitting caption, is in substance as follows: The appellant moves the court for permission to make new parties to this appeal, and shows that the judgment herein was rendered on January 9, 1917; that the transcript was filed on April 7; that Jasper Makeever, one of the defendants below, died on March 15, 1917, at his home in Newton county, Indiana; that this affiant is now and was then a resident of Jasper county, Indiana; that at the time of filing the tran-

script herein affiant believed that the said Jasper Makeever died intestate and he therefore named his legal heirs as parties to this appeal; that he then had no knowledge that said deceased died testate and that an' executrix had qualified to administer upon his estate; that the decedent left as his widow one Jane Makeever; that she was named in decedent's will as the executrix thereof, and has since qualified as such; that said Jane Makeever is named in the appellant's assignment of errors as one of the heirs of said deceased; that the children of said deceased are also named, but that the said Jane Makeever as executrix was not a party for the reason that appellant did not know at the time of filing the transcript in this cause that the said Jasper Makeever had died testate and that the said Jane Makeever had been appointed and qualified as executrix. "Wherefore, appellant prays that he be granted permission to make the said Jane Makeever, executrix of the last will and testament of Jasper Makeever, deceased, a party to this appeal, and that appellant be granted permission to give notice to the parties of the appeal."

This application is answered by a counter affidavit of W. H. Parkinson, an attorney for appellees other than Virginia Estella Seward and the heirs of said deceased Jasper Makeever, which, among other things, alleges in substance that Jane Makeever was, on March 21, 1917, appointed executrix of said estate; that she qualified on that day and gave notice by publication in a newspaper of general circulation published in Newton county, Indiana, at or near said date, notifying the public that she was the duly qualified and acting executrix of the said estate of said Jasper Makeever, deceased; that appellant was then and for many years prior thereto, and continuously ever since has been, a resident of said county of Newton; that appellant was a brother of deceased, and lived within one-half mile of his home;

that long before and at the time of the filing of the transcript and assignment of errors in this cause on April 7, 1917, appellant knew, or could with reasonable diligence have known, of the death of Jasper Makeever, and that he died testate and left a will; that affiant verily believes that the said appellant did know prior to April 7, 1917, that said deceased had left a will naming his widow, Jane Makeever, as executrix of his said estate, and that said will had been probated, and that said Jane Makeever was, on April 7, 1917, the duly appointed, qualified and acting executrix of said estate, or was chargeable with knowledge of facts which would have led him to inquire, and upon the slightest inquiry might have known such facts; that the attorney for appellant knew, or could have known by the slightest inquiry, that no notice had ever been served upon the heirs of said deceased; notifying them of said appeal; that neither the appellant nor his attorney ever notified said heirs of Jasper Makeever of said appeal or requested the clerk of the Supreme and Appellate Courts to notify the said heirs as by law required.

The record, so far as pertinent to the question presented, shows the following facts: On March 14, 1916, at the March term of said court, the trial court filed its special finding of facts and conclusions of law in favor of appellees. At the same term, and on April 7, 1916, a motion for new trial was filed and overruled, an appeal prayed by appellant, appeal granted, bond with penalty of $200 ordered filed, but no security was named or approved. On May 6, in vacation, a bond in sum of $500, with National Security Company as surety was filed. A vacation entry of July 24, 1916, shows the filing of the longhand manuscript of the evidence. A record entry of January 9, 1917, being the second day of the January term, 1917, of said court, shows that appellant appeared and filed a written motion in said

cause, in which he set out the fact that the court had at the time above indicated filed its special finding of facts and conclusions of law in said cause; that appellant filed a motion for new trial which had been over-ruled, etc., but that no judgment had been rendered in said cause; that appellant perfected his appeal to the Appellate Court and discovered that no judgment had been rendered in said cause, whereupon he dismissed his appeal and was permitted to withdraw the transcript so filed in the Appellate Court.

In said motion appellant asked the trial court that the case be redocketed and judgment rendered therein. This motion was by the court sustained and judgment rendered in accordance with the finding of facts and conclusions of law, and from such judgment an appeal was prayed by appellant, which was granted by the court upon the filing of a bond in the sum of $200 within thirty days with Bovee Makeever as surety thereon, which bond and surety were approved by the court, and appellant was given 120 days within which to prepare and file his bill of exceptions. On February 7, in vacation, and within the time last given, the appellant filed his bond in the sum of $500 with the surety named.

At the following March term, viz., on April 2, 1917, is a record entry showing the filing of a bill of exceptions containing the longhand manuscript of the evidence. The stenographer's certificate to said manuscript bears date July 20, 1916. A later certificate of such reporter bears date April 2, 1917. The record shows two certificates of the judge of the trial court attesting the correctness of the bill of exceptions, one of the date July 22, 1916, showing that the transcript of the evidence and proceedings had been presented to him on that day, and a second bearing date April 2, 1917, showing that such transcript of the evidence had been presented to him on that day.

There are likewise two certificates of the clerk, bearing different dates, and two praecipes for transcript, bearing different dates.

The transcript and assignment of error in this court were filed April 7, 1917. The motion to dismiss the appeal was filed August 10, 1917, and appellant's petition to make new party and to serve notice was filed August 31, 1917.

It will be observed that there is some apparent confusion and conflict in the record entries, dates, etc., but without determining whether said irregularities are of an influential character as affecting said motion to dismiss the appeal, we shall give appellant the benefit of the assumption that they all can be and should be treated as explained by the fact that it is, at least inferentially, disclosed by the record that there was a former appeal and a withdrawal of the transcript filed therein, to be used for the present appeal, that the transcript filed in the present appeal is the same as that filed with the first appeal, and contains original entries and certificates of the reporter, clerk and judge, and also the additional certificates of said officials made necessary by the second appeal perfected after appellant procured the rendition of the judgment herein as above set out.

Said assumption, however, is of no avail against the motion to dismiss. It appears from appellant's assignment of errors, and from the affidavits of the parties filed herein and above set out, that since the rendition of the judgment below, and before the filing in this court of the transcript of the present appeal, one of the defendants below died, leaving as his heirs at law the persons substituted for him in the caption of the assignment of errors.

It also appears from said affidavits of the parties that the widow of said deceased, Jane Makeever, was named as executrix of his will, and that she qualified as such

and was acting in that capacity when the transcript was filed herein. Said widow and children of deceased are named as appellees in the assignment of error, but the widow, Jane Makeever, in her representative capacity as executrix is not so named.

·It is fundamental that before an appellate tribunal can proceed to review questions going to the merits of the judgment from which the appeal is prosecuted, it must first appear that such court has jurisdiction of the parties whose rights and interests are affected by such judgment. *Whisler* v. *Whisler* (1903), 162 Ind. 136, 144, 67 N. E. 984, 70 N. E. 152; *Michigan Mut. Life Ins. Co.* v. *Frankel* (1898), 151 Ind. 534, 50 N. E. 304; *Abshire* v. *Williamson* (1897), 149 Ind. 248, 48 N. E. 1027; *Vordermark* v. *Wilkinson* (1895), 142 Ind. 142, 39 N. E. 441; *Gates* v. *Weyenberg* (1915), 60 Ind. App. 241, 110 N. E. 227; *Continental Ins. Co.* v. *Gue* (1912), 51 Ind. App. 232, 98 N. E. 147.

1.

There can be no doubt but that upon the death of Jasper Makeever his widow and children named in the caption of the assignment of errors as appellees were interested in the judgment appealed from, and hence were properly so named, but we think for the same reason that Jane Makeever in her representative capacity as executrix was likewise a necessary party to the appeal. As such executrix, in the course of her administration of said. estate, it might become necessary for her to sell the real estate involved, to pay the debts of said deceased, and hence she, as well as the heirs of deceased, was interested in maintaining said judgment and for this reason was a necessary party to the appeal. *Benoit, Admr.*, v. *Schneider, Admr.* (1872), 39 Ind. 591.

2.

As before stated, appellant, when he filed his assignment of error, recognized the necessity for making the

heirs of deceased parties to said appeal, and now,
3. by his application to make Jane Makeever a
party, in her representative capacity, he, by im-
plication at least, recognizes that she also is a necessary
party. Said application, however, comes more than
180 days after the final judgment was rendered, and
hence is too late unless appellant has shown that his
failure to perfect his appeal by a proper assignment of
error is due to something other than his own neglect.
*Nordyke & Marmon Co.* v. *Fitzpatrick* (1903), 162 Ind.
663, 666, 71 N. E. 46; *Bacon, Admr.,* v. *Withrow* (1887),
100 Ind. 94, 10 N. E. 624; *Lawrence* v. *Wood* (1890),
122 Ind. 452, 24 N. E. 159; *Smythe* v. *Boswell* (1888),
117 Ind. 365, 20 N. E. 263; *Thompson* v. *Newsom*
(1912), 52 Ind. App. 444, 100 N. E. 772.

These cases were decided before the amendment of
1913, limiting the time for taking the appeal to 180 days
after the final judgment, but when read in the light of
said amendment require that the assignment of error
must be perfected within 180 days from the date of the
final judgment, or the overruling of the motion for new
trial, where such motion is made after the rendition of
the judgment. *Rook* v. *Strauss Bros. Co.* (1914), 58
Ind. App. 82, 107 N. E. 692; *Steel* v. *Yoder* (1914), 58
Ind. App. 633, 108 N. E. 78

In view of the statute and the decisions *supra,* it is
manifest that even if it be conceded that appellant has
shown excusable neglect for his failure to make said
executrix a party to the appeal (a thing we do not de-
cide), that part of his application *supra* which now
seeks to amend his assignment of error by making her
a party must be denied, and a dismissal of his appeal
must then follow.

It will be observed also that appellant has never
made any effort to serve any notice upon the heirs of
said deceased so named in his assignment of error as

above indicated.    The right and method of substitution of parties in cases where death occurs after the judgment of the trial court is rendered, and before appeal, is provided by §677 Burns 1914, §636 R. S. 1881.

In cases like the present, involving a term-time appeal, there seems to be some confusion and conflict in the decided cases as to the court in which the

4.  substitution or application therefor should be made.    (*Bruiletts Creek Coal Co.* v. *Pomatto* [1909], 172 Ind. 288, 294, 88 N. E. 606; *Helms* v. *Cook* [1914], 58 Ind. App. 259, 108 N. E. 147, and cases there cited) ; but, wherever made, it would seem that the parties so substituted should have notice either of the application to substitute, or should be served with notice after they had been named as appellees.    In the instant case the deceased appellee was not named in the assignment of error as an appellee, as was done in the case of *Bruiletts Creek Coal Co.* v. *Pomatto, supra;* but the persons named in the preface of such assignment of errors as the heirs of said deceased were substituted and named as appellees.    No notice of any kind was served on the substituted appellees notifying them either of an intent or ap-

5.  plication to substitute, nor were they served with any notice as appellees after such substitution, and no effort or attempt to so serve them was made until the application above set out was filed, and it was filed more than ninety days after the filing of the transcript and the assignment of errors, and hence is too late.    *Steel* v. *Yoder, supra; Helms* v. *Cook, supra; Thompson* v. *Newsom, supra.*

For the reasons indicated, the appeal must be and is dismissed.

NOTE.—Reported in 117 N. E. 691.