IN RE WILES, IN RE GIBBS.

[Nos. 25,839 and 25,840. Filed May 6, 1935.]

*Johnson & Zechiel,* for appellant.

*James W. Fesler, Harvey J. Elam, Howard S. Young,* and *Irving M. Fauvre,* for appellee.

TREMAIN, J.—Upon a showing to this court that the facts involved in the two appeals were, for all intents and purposes, the same, the court ordered the causes consolidated under No. 25839.

It appears that in May, 1928, Harry Dunn was auditor of Marion County, Indiana, and was furnished in-

formation by William F. Charters to the effect that Thomas H. Wiles and Carl C. Gibbs were the owners of certain corporation stocks which each had failed to list for taxation in Marion County, and the auditor notified said parties that he was placing the same upon the tax duplicates for taxation. They took an appeal from the action of the auditor to the circuit court where the questions were tried and judgments entered favorable to Wiles and Gibbs, from which judgments the auditor has undertaken to appeal to this court. The assignment of errors is the same in each case except as to name, and reads as follows:

"IN THE MATTER OF ASSESSMENT
OF OMITTED PERSONAL PROPERTY
OF THOMAS H. WILES
No. 25839.

### ASSIGNMENT OF ERRORS

The appellant says that there is manifest error in the judgment and proceedings in this cause in this, to-wit:

The court erred in overruling appellant's motion for new trial.

EMSLEY W. JOHNSON,
CHESTER L. ZECHIEL,
*Attorneys for Appellant."*

Thomas H. Wiles and Carl C. Gibbs separately moved to dismiss said appeals "for the reason that there is no sufficient assignment of errors, in that there is no named appellant in this court, and sufficient steps have not been taken to perfect an appeal."

Rule 6 of the Supreme Court provides:

"The assignment of errors shall contain the full names of all parties to the judgment, and process when necessary shall issue accordingly."

Wiles and Gibbs take the position that the assignment of errors is insufficient to perfect the appeal for the reason that nowhere therein is any appellant named,

and that under Rule 6 it is necessary to name the appellant.

The requirement of Rule 6 of this court is jurisdictional, and obtains in all cases, except as otherwise modified by statute. This principle has been enunciated by this court so many times that it should not be necessary to cite authority. In *Rockey* v. *Hershman* (1923), 193 Ind. 168, 175, 138 N. E. 339, it is held that:

> ". . . the assignment of errors in this court is appellant's complaint presenting questions of law only to be determined from the record. Furthermore, the long-settled practice and Rule 6 of this court require the assignment to contain, either in the title or in the body thereof, the full names of all the parties affected by the judgment from which the appeal is taken. This requirement is jurisdictional and must obtain in all cases except as otherwise modified by statute."

Some of the cases holding that the full names of all the parties to an appeal must be set forth in the assignment of errors are the following: *Whisler* v. *Whisler* (1904), 162 Ind. 136, 67 N. E. 984, 70 N. E. 152; *Nordyke & Marmon Co.* v. *Fitzpatrick* (1904), 162 Ind. 663, 71 N. E. 46; *Town of Windfall City* v. *State ex rel. Wood* (1910), 174 Ind. 311, 92 N. E. 57; *Klotz* v. *Schellenberger* (1913), 180 Ind. 287, 102 N. E. 134; *Gunn* v. *Haworth* (1902), 159 Ind. 419, 64 N. E. 911; *Brown* v. *Trexler* (1892), 132 Ind. 106, 30 N. E. 418, 31 N. E. 572.

In the instant case it will be noted that the assignment of errors fails to reveal who is the appellant. Neither does it designate an appellee. There is nothing to apprise the taxpayer as to who has taken the appeal. The statute, providing for an appeal in the case herein involved, provides that all the rules that apply with reference to other civil appeals are to be applied to appeals of this nature. Rule 6 makes it clear that the assignment of errors must contain the

names in full of the parties to the appeal. Harry Dunn, the auditor of Marion County, is not named either in the caption or in the body of the assignment of errors as the appellant; neither is William F. Charters so named. It was said by this court in *Nordyke & Marmon Co.* v. *Fitzpatrick, supra,* that (p. 666) :

"It is an imperative requirement that the assignments of error in appeals to this court must contain the names in full of all the parties to the appeal—both appellants and appellees."

In fact, this has been the holding of both the Supreme and Appellate Courts in many decisions. It is equally and firmly settled that the assignment of errors constitutes the appellant's complaint. It is necessary to know who the appellant is for many reasons, among which will be the question of the taxation of costs; also, as this is a vacation appeal the question of the service of notice may arise. Clearly the assignment of errors is insufficient.

After Wiles and Gibbs filed motions to dismiss the appeal, Harry Dunn as auditor of Marion County on March 27, 1930, filed his motion to amend the assignment of errors by inserting after the word, appellant, "Harry Dunn as Auditor of Marion County." The record discloses that the motion for a new trial was overruled June 25, 1929, therefore the 180 days, within which an appeal may be taken, expired in December, 1929. The motion to amend was filed too late, and after the time for taking and perfecting an appeal had expired. *Bacon* v. *Withrow* (1887), 110 Ind. 94, 10 N. E. 624; *Lawrence* v. *Wood* (1890), 122 Ind. 452, 24 N. E. 159; *Holloran* v. *The Midland Railway Co.* (1891), 129 Ind. 274, 28 N. E. 549; *Chicago, etc.* v. *Walton* (1905), 165 Ind. 642, p. 645, 74 N. E. 988; *Prough* v. *Prough* (1910), 174 Ind. 57, 91 N. E. 337;

*Milburn* v. *Cory* (1916), 184 Ind. 341, 110 N. E. 193, and many other cases could be cited.

Under repeated holdings of this court it is declared that if there has not been a sufficient assignment of errors filed, the court is without power to grant leave to amend after the time for perfecting an appeal has expired. The filing of a proper assignment of errors is an essential step in perfecting an appeal, and if that step has been omitted, there is no appeal properly before the court and consequently nothing to determine. In *Nordyke & Marmon Co.* v. *Fitzpatrick, supra,* the question was discussed as follows (p. 666):

"It is certainly manifest, under the circumstances, that the original assignment of errors was absolutely a nullity. Consequently there was nothing to amend, and the case stands as though no assignment of errors had been filed within the period prescribed by law for taking an appeal. . . .

"As there was no valid appeal taken within the time limited by law, the court had no jurisdiction to allow either an amended assignment of errors to be filed, or a substitution of parties to be made, after the expiration of the year."

The appeal must be perfected within the time limited by the statute and this court is bound by the rule of procedure long established. The statute now provides that an appeal may be taken within 180 days from the rendition of the judgment. The time can not be extended by this court, nor could jurisdiction be conferred upon the court by the agreement of the parties. If the appellant, provided Harry Dunn as Auditor of Marion County can be regarded as an appellant, should be permitted to amend the assignment of errors, the effect of such amendment would be to allow him to perfect his appeal beyond the limit fixed by statute.

Harry Dunn as County Auditor concedes that his as-

signment of errors is not sufficient, else he would not ask to amend. The only excuse that he offers for the deficiency therein is that it was due to the mistake and inadvertence of counsel in preparing the same. This court has held that such mistake and inadvertance is not sufficient ground where the amendment is asked after the time had expired for perfecting the appeal. See *Milburn* v. *Cory, supra,* and cases there cited.

For the reasons above stated the motions to dismiss are sustained. The appeals are dismissed.