STATE EX REL. SCHER *v.* AYRES, ET AL.

[No. 27,418. Filed May 4, 1940.]

180

*William D. Hamer*, of Huntington, for appellant.

*Joseph H. Lesh* and *Mart J. O'Malley*, of Huntington, for appellees.

SHAKE, C. J.—The record in this cause was filed and the cause submitted on April 29, 1940. The parties have joined in a stipulation waiving the time for filing briefs and the right to a petition for rehearing. The matter appears to be of public interest because it involves the general primary election to be held on May 7, 1940.

On April 22nd the appellant filed an action in mandate against the appellees in the Huntington Circuit Court. The appellees are the county election commissioners. The complaint alleges that on April 6th the

relator filed his declaration of candidacy for precinct committeeman for precinct 6 in Huntington township, in said county, in the office of the county clerk; that the election commissioners met on April 18th to prepare the ballot to be voted on at said primary election, and at said time refused to recognize the declaration of the relator and omitted his name from said ballot. The relator's declaration of candidacy is made an exhibit to the complaint. This document was signed, "Gene G. Scher." The complaint alleges that relator was registered as a voter under the name of "Eugene Gabriel Scher," and that the declaration of candidacy bears a memorandum over the signatures of the election commissioners as follows: "5 P. M. April 18, 1940, Disqualified. Signature not correct. Not same signature as Registration Card." The complaint asked for a mandate against the appellees to compel them to place the relator's name on the ballot for said primary. The appellees demurred to the complaint for want of facts. The trial court sustained the demurrer; the appellant excepted and refused to plead further; judgment was rendered for appellees; and this appeal followed.

We are first confronted with the motion to dismiss the appeal. The assignment of errors is entitled: "State of Indiana on the Relation of Eugene G. Scher, Appellant vs. E. Porter Ayres, Guy B. Huber and Russell Griffith, As Election Commissioners of and for Huntington County in the State of Indiana, Appellees." The body of the assignment of errors recites that, "The appellant, Eugene G. Scher, says there is manifest error, etc." The point is made that the State on the relation of Scher is the proper party appellant, and that the body of the assignment indicates that Scher in his individual capacity is the sole appellant. The appellees rely upon *Board of Public Safety* v.

*Walling* (1934), 206 Ind. 540, 187 N. E. 385. That case is authority for the rule that where the state on the relation of individuals is the appellant, it is not sufficient to assign error in the names of the individual relators. We do not think that case is controlling here. The caption of the assignment of errors is correctly entitled, although the body of the instrument does refer to the appellant as "Eugene G. Scher." The rule is that the assignment of errors must contain, either in the title or in the body thereof, the full names of all parties affected by the judgment from which the appeal is taken. *Gunn* v. *Haworth* (1902), 159 Ind. 419, 64 N. E. 911; *Nordyke & Marmon Co.* v. *Fitzpatrick* (1904), 162 Ind. 663, 71 N. E. 46; *Rockey* v. *Hershman* (1923), 193 Ind. 168, 138 N. E. 339. The assignment of error before us meets this requirement. It has also been held that the omission to give the name of a party appellant in the title of an assignment of error may be supplied in the body of the assignment. *Ferguson et al.* v. *Despo et al.* (1893), 8 Ind. App. 523, 34 N. E. 575; *Modern Brotherhood* v. *Matkovitch* (1914), 56 Ind. App. 8, 104 N. E. 795. Applying these authorities to the case at bar, we are of the opinion that the assignment of error is sufficient. The appellees' motion to dismiss the appeal is overruled.

The demurrer to the complaint admits the allegations thereof which are sufficiently pleaded. We are therefore presented with a single question and that is, whether the fact that the relator was registered under the name of "Eugene Gabriel Scher" authorized the election commissioners to reject the declaration of candidacy executed in the name of "Gene G. Scher." Courts take judicial notice of the usual abbreviations or corruptions of Christian names in common use. 20 Am. Jur., Evidence, § 69, Webster's

New International Dictionary (2nd Ed.), 1935, is authority for the statement that "Gene" is a diminutive of the Christian name "Eugene." "Gene" and "Eugene" may therefore be regarded as synonymous, and the appellees ought to have so treated them. Ordinarily the law recognizes but one given name, and the middle name of a person, or the initial thereof, may be rejected as surplusage. *O'Connor* v. *State* (1884), 97 Ind. 104. No discrepancy or inconsistency arises from the fact, therefore, that in his registration signature relator used the middle name of "Gabriel," and that the abbreviation "G." was utilized in the place of a middle name when he signed his declaration of candidacy. We conclude that the board of election commissioners acted unlawfully in rejecting relator's declaration, under the facts alleged in the complaint, and that the demurrer should have been overruled.

The judgment of the trial court is reversed, with directions to overrule the demurrer to the complaint. The right to file petitions for rehearing having been waived by the parties, the clerk is directed to certify this opinion to the Huntington Circuit Court forthwith.

NOTE.—Reported in 26 N. E. (2d) 1002.